**Minnie RUFFIN et al., Appellants,**

**v.**

**J. W. WEINGARTEN, INC., Appellee.**

**No. 49.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 25, 1965.

James J. Hippard, Thompson, Hippard, Gibson, Korioth & Tita, Houston, for appellants.

B. Jeff Crane, Jr., Winson, Elkins, Weems & Searls, Houston, for appellee.

MOORE, Justice.

Appellants, Minnie Ruffin and John Gregory, brought suit against appellee, J. W. Weingarten, Inc., to recover damages for personal injuries alleged to have been sustained by the appellants as a result of a rear-end collision between the automobile driven by Minnie Ruffin and a truck owned by Weingarten being driven by its employee, Mannie Blate.

The trial was before a jury and in answer to the special issues, the jury found

(1) that defendant's employee Blate did not fail to keep a proper lookout; (2) that Blate was not driving the truck at an excessive speed; and (3) that Blate did not fail to make a proper application of the brakes on the occasion in question, thus failing to find any act of negligence. The jury assessed the damages of Minnie Ruffin at the sum of $2,400.00 and that of John Gregory at $786.00. No issue of contributory negligence was submitted to the jury. The trial court entered a take-nothing judgment.

Appellants predicate this appeal upon three points of error asserting that (1) the trial court erred in failing to set aside the jury's answer to Special Issue No. 5, finding that Blate did not fail to properly apply the brakes, and entering judgment for appellants based upon the proposition that Blate, as a matter of law, failed to make proper application of the brakes; (2) because there was no evidence to support the jury's finding on Special Issue No. 5 or in the alternative, the finding was against the great weight and preponderance of the evidence; and (3) because the jury's finding that Blate did not fail to keep a proper lookout was against the great weight and preponderance of the evidence.

According to appellant, Minnie Ruffin, immediately prior to the collision she had been driving her automobile in the right-hand curb lane of Crawford Street in Houston, Texas, headed in a northerly direction. When she came to the intersection of Crawford and Franklin Streets, she was required to stop for a red signal light; while she was stopped and before she could start moving forward after the light had turned to green, appellee's truck collided with the left rear-end of her automobile, breaking the left tail light and bending the left rear fender. She testified that she had her right blinker light on, indicating her intention to make a right turn, but that her automobile had not moved form her stopped position prior to being struck.

Blate, the driver of the truck, disputed appellant's version of the collision by testifying that Mrs. Ruffin had actually started moving her vehicle and was almost around the corner when she suddenly jammed on her brakes. He testified that at the time she suddenly applied her brakes and made a sudden stop, he was following her and was only seven or eight feet behind her; that he was in the process of turning the truck to the left in preparation for also making a right turn with his large tractor-trailer truck. He testified that it appeared to him that while Mrs. Ruffin was in the process of making the right turn, she suddenly changed her mind and slammed on her brakes; that he applied his brakes as quickly as possible, but because of her sudden stop he was unable to avoid striking her vehicle. He testified that the truck was equipped with two kinds of brakes: a foot brake for the tractor and a hand-operated air brake for the trailer. He admitted that he did not apply the trailer brakes because he did not believe he was going fast enough to need the trailer brakes.

In substance, appellants by their first point contend that the evidence conclusively established that appellee's driver's failure to properly apply the brakes was the proximate cause of the collision, hence the jury's finding to the contrary should be disregarded and judgment entered for the appellants.

■ The rule of law governing proper lookout in rear-end collision cases is stated in Renshaw v. Countess, 289 S.W.2d 621, 624 (Tex.Civ.App.) no writ history, as follows:

"We think it is the law that a motorist following another vehicle must drive at a reasonable speed, keep back a reasonable distance, and keep his vehicle under reasonable control so as to provide for the contingency of a car in front suddenly stopping; that he must maintain a proper lookout for the car in front, so that he can stop without a collision or can turn out and pass the vehicle in front without getting in the way of traffic approaching from the

opposite direction. A question of fact as to the existence of negligence is usually presented when one motor vehicle overtakes and strikes one in front of it, going in the same direction. * * *"

It has also been held that the collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle, which ordinarily calls upon the driver of the rear vehicle to explain and usually presents a question of fact for the determination of the jury. Caraway v. Behrendt, Tex.Civ.App., 224 S.W.2d 512.

"It can not be gainsaid that one who fails to stop his automobile in response to a traffic signal, but propels the same into the rear end of an automobile which has stopped in obedience to the signal, is guilty of negligence proximately causing injury or damage unless such conduct is excused by some extenuating circumstance or condition. * * *" Hoey v. Solt, 236 S.W.2d 244 (Tex.Civ.App.).

▇▇▇ In passing upon the question of whether there was evidence to support the findings of the jury upon appeal, this court may only consider that evidence, which viewed in its most favorable light, supports the jury's findings and must disregard all evidence which would lend to a contrary result. Miller v. Wagoner, 356 S.W.2d 363 (Tex.Civ.App.), citing Biggers v. Continental Bus System, Inc., 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359, 363. If reasonable minds can differ as to the inferences and conclusions to be drawn from the undisputed evidence, then the case is one for the jury. If reasonable minds cannot differ, then an issue of law only is presented. Hoey v. Solt, supra.

Appellants argue that had the driver of the truck used due care in applying his brakes, the collision would not have occurred because the undisputed evidence shows that had the air brakes on the trailer been applied, the wheels would have locked and stopped the truck immediately. Appellants reason that even though the driver of the truck may have applied his foot brakes, since he admitted that he did not also apply his trailer brakes, and since the application of the brakes would have prevented the collision, negligence proximately causing the collision was established as a matter of law.

Appellee contends that the evidence presents only a fact question and the finding by the jury exonerating the driver is binding on the court. We agree with this contention. We think the circumstances presented here are such that reasonable minds might differ as to the inferences and conclusions to be drawn from the undisputed evidence. Taking into consideration all of the surrounding facts and circumstances, together with the testimony of Blate showing that after appellant's vehicle proceeded into the intersection it then made a sudden stop, constitutes circumstances, when viewed in a light most favorable to the appellee, shows some excuse for the conduct of the driver which the jury was entitled to consider in passing upon the question of negligence. Appellants did not charge appellee's driver with negligence in following too closely. We think the jury could have reasonably concluded that the driver of the truck was faced with a sudden emergency, not caused by negligence on his part, and that after the emergency arose his conduct was commensurate with that of a person of ordinary prudence in the exercise of ordinary care. In passing upon the question of proper application of the brakes, the jury no doubt took into consideration the element of time.

"Split-second timing is not ordinarily required of operators of motor vehicles." Manning v. Block, 322 S.W.2d 651 (Tex.Civ.App.).

The standard of conduct in applying brakes is ordinary care. The burden of proof was on appellants to establish a lack of due care, which burden they failed to discharge.

We have reached the conclusion that the evidence presented here was not of such nature as to conclusively demonstrate, as a matter of law, that appellee's driver failed to make proper application of the brakes, proximately causing the collision. Appellants' first point is therefore overruled.

From the record as a whole, we are convinced that there is ample evidence to support the jury's findings exonerating appellee's driver of negligence in the application of the brakes and on the question of proper lookout. We are likewise convinced that such findings are not against the overwhelming weight and preponderance of the evidence. We therefore overruled Points 2 and 3.

Finding no reversible error, the judgment is affirmed.

Affirmed.