James A. DAGGETT et al., Appellants,

v.

Dr. R. J. McREYNOLDS, Appellee.

No. 385.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 23, 1970.

Curtis Collette, Law Offices of Harold Lloyd, Houston, for appellants.

Don Weitinger and David E. Lueders, Weitinger, Bradshaw & Foster, Houston, for appellee.

BARRON, Justice.

This suit involves a multiple car rear-end accident on the Gulf Freeway within the City of Houston. The accident occurred during a rainstorm when the lead car of the four cars involved in the accident broke down and stopped in the center lane of the freeway.

James A. Daggett had requested his granddaughter, Bobbie McKee, to drive him in his car to visit a friend on West Gray in the City of Houston. The accident occurred on the return trip to South Houston where Mrs. McKee's mother lived and where Mr. Daggett had been visiting. Bobbie McKee testified that she had followed the car in front of her for several blocks, and she had been traveling at a speed of approximately 40 miles per hour. She was about three or four car-lengths behind the car in front of her, and when the driver of the car in front applied his brakes, Mrs. McKee applied her brakes and came to a gradual stop without striking the car in front. She realized she was in a dangerous situation on the freeway, and after stopping the car she was driving, she was struck from behind by a Buick automobile driven by Dr. Robert J. McReynolds, the defendant. William H. Shuford, driver of the car ahead of Mrs. McKee and Mr. Daggett, testified that he was going south on Gulf Freeway before the accident. It was raining very hard and visibility was poor. Traffic was moderate and Shuford was traveling about 40 miles per hour. As he went up an overpass he came upon a stalled Rambler. He immediately applied his brakes but could not avoid striking the stalled Rambler. Shortly thereafter, he was struck from the rear by the car being driven by Mrs. McKee. Shortly thereafter Shuford felt a second impact, making a total of two impacts from the rear. A police officer testified that he found evidence at the scene that Bobbie McKee had struck the car of William Shuford before she was struck by Dr. McReynolds.

Mr. Daggett, plaintiff, testified that it was raining but not raining hard at the time of the accident, and he could see for two or three blocks. When he first saw the cars in his lane they were stopped, and he saw them from a distance of about a block and a half ahead.

Dr. McReynolds, the defendant, testified that he was traveling about 20 miles per hour shortly before the accident occurred.

Traffic was reasonably heavy, and there were cars on each side of him. He had been traveling about 40 miles per hour when he entered the Gulf Freeway at Dowling Street, and the rain at that time was fairly heavy. The farther he traveled, the heavier the rain became, and by the time defendant got near the scene of the accident, it was raining extremely hard or was "pouring down." He testified that under the latter circumstances it was impossible to see clearly for any distance at all. He was looking straight ahead and plaintiffs' car suddenly appeared. He applied his brakes after he saw plaintiffs' car from a distance of some 30 feet. His car skidded or slid into the back of the Daggett car. Nobody claimed to be injured after the accident. Defendant testified that it was necessary to keep moving on the freeway to prevent being struck from behind under the conditions outlined above. The accident occurred on July 23, 1967.

The case was tried before a jury, and based on the jury's verdict, the trial court entered judgment in favor of Dr. McReynolds. The jury found that neither driver was negligent and absolved all parties of various acts of negligence proximately causing the collision in question. However, the jury found all elements of the doctrine of sudden emergency in favor of Dr. McReynolds and further found that such emergency was the sole proximate cause of the collision. In answer to special issue number 15, the jury found that the collision was not proximately caused by the negligence of either Bobbie McKee or Dr. R. J. McReynolds. The latter special issue is considered by appellants to be an unavoidable accident issue. However, unavoidable accident is defined as an event not proximately caused by the negligence of any party to it. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, 385. Since the issue did not inquire into the negligence of the other two parties to the accident (the driver of the stalled Rambler automobile and the driver of the preceding vehicle, Shuford), the special is-

sue was not sufficient to reach the legal requirements of unavoidable accident.

This appeal is by James A. Daggett and Bobbie McKee as appellants. Dr. R. J. McReynolds is appellee.

 Appellants complain that because one of the prospective jurors, in answer to a general question to the panel by the trial judge, stated in the presence and hearing of the remaining prospective jurors that "I think that if they are able to walk in a courtroom, they are not injured that bad," reversible error was committed and the appellants were thereby materially prejudiced. We overrule such contention. Shortly after the statement was made by the prospective juror the court excused the juror from service and carefully instructed the remainder of the panel not to consider anything that the juror had said for any purpose. The prompt dismissal by the court of this juror pointed out that anyone with such views was not qualified to sit on the jury in a personal injury suit. Moreover, there is nothing in the record to suggest that such statement did in fact influence any juror. Voir dire examination of a jury panel is a matter largely within the trial court's discretion, and a trial judge's judgment in the matter will not be reviewed in the absence of an abuse of such discretion. We hold that such discretion was not here abused. Travelers Insurance Company v. Beisel, 382 S.W.2d 515, 518 (Tex.Civ.App.), no writ. And we cannot say that the error, if any, was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure; Texas General Indemnity Company v. Mannhalter, 290 S.W.2d 360, 365 (Tex.Civ.App.), no writ. The same ruling is made with regard to appellants' complaint that they were refused the right to further question another panel member after appellee had brought out the fact that her son had been involved in an accident. The trial court permitted a full voir dire examination of the jury panel and each member thereof by all parties. Appellants'

attorney exercised a peremptory strike upon the juror, but appellants do not show that as a result of the trial court's action they were required to take an objectionable person on the jury. In fact, nothing is shown in the record to indicate that any remaining juror was biased, prejudiced or disqualified to sit as a juror in any manner. The contention is overruled. Rule 434, T.R.C.P.; and see Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764, 774 (Tex.Sup.), and Tanner v. Texas Employers' Insurance Association, 438 S.W.2d 395, 402 (Tex.Civ. App.), writ ref., n. r. e.

 Appellants further complain that the trial court erred in rendering judgment in favor of Dr. McReynolds, because the evidence shows as a matter of law that appellee was guilty of negligence proximately causing the collision, or because the evidence is insufficient to support various special issues submitted by the court and the verdict is against the greater weight and preponderance of the evidence so as to be clearly wrong and manifestly unjust. From the testimony outlined above it is clear that appellee was caught in a sudden downpour of rain which had suddenly increased shortly before the accident, and that appellee could not stop on the busy freeway without danger nor could he proceed without some danger. Dr. McReynolds proceeded slowly under such circumstances, saw appellants' vehicle about 30 feet away, promptly applied his brakes and slid into appellants' vehicle. Under such circumstances we hold that the verdict of the jury was consistent with the evidence and that appellee was acting under a sudden emergency as that term was defined in the charge.

 The fact that this is a rear-end accident occurring under these circumstances does not relieve appellants of the burden of proving that the appellee committed some act or acts of negligence proximately causing the collision in question. See Pederson v. Scott, 366 S.W.2d 260 (Tex.Civ.App.), writ ref., n. r. e. Cases cited by appellants, including such cases as

Texas & N. O. R. Co. v. Stratton, 74 S.W. 2d 741 (Tex.Civ.App.), writ ref., are distinguishable. The evidence is sufficient to support the findings of the jury, and the verdict is not against the greater weight and preponderance of the evidence.

For the reasons given above, the judgment of the trial court is affirmed.