Charles **ERICKSON**, Individually and A/N/F of Christina M. Erickson, and Christina M. Erickson, Appellants,

v.

Rafael E. **DEAYALA** and Herbert E. Schulze, Appellees.

No. 2380.

Court of Appeals of Texas, Corpus Christi.

Dec. 17, 1981.

Rehearing Denied Jan. 21, 1982.

G. Robert Friedman, Friedman & Chaffin, Houston, for appellants.

Henry P. Giessel, Talbert, Giessel & Stone, Houston, for appellees.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a take nothing judgment after a jury trial against one of two defendants arising from a rear end collision in Harris County, Texas.

On August 4, 1975, Christina M. Erickson, a minor, was a passenger in the back seat of a vehicle driven by defendant, Rafael Deayala, on the Katy Freeway in Houston. During a heavy rain shower, Deayala's vehicle struck the rear of defendant Herbert D. Schulze's pickup, which was either stopped or proceeding very slowly on the freeway. Plaintiff sustained injuries to the back and chin.

Charles Erickson, individually and as next of friend of Christina M. Erickson, filed suit for damages as a result of personal injuries sustained in the accident. At the time the case was tried, Christina M. Erickson had attained majority and the pleadings were amended to reflect that she was now suing in her own individual capacity. Defendant Deayala filed a general denial and defendant Schulze failed to appear and file an answer.

The jury acquitted defendant Deayala of all acts of negligence submitted: 1) excessive speed; 2) failure to keep a proper lookout; 3) failure to apply his brakes; 4) failure to turn to the right or left to avoid the collision, and 5) failure to maintain an assured clear distance. The proximate cause issues as to Deayala were conditionally submitted and were not answered.

Though defendant Schulze was in default, negligence issues were submitted as to him, and the jury found that Schulze was driving his vehicle at a rate of speed lower than a person using ordinary care and that this was a proximate cause of the collision in question.[1]

Appellants assert eleven points of error. In points one, two and three, appellants assert that the trial court committed error in submitting instructions relating to: 1) vehicle stopping or parked on highway; 2) hazard warning signals (emergency flashers) required when a vehicle is stopped on a roadway; and 3) sudden emergency.

Specifically, the challenged instructions which were submitted over the specific objections of the appellants are:

1) "Upon any highway outside of a business or residence district, no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of the highway."

---

1. The court inappropriately submitted a comparative negligence issue comparing Deayala's and Schulze's negligence. This was not proper since the only comparative negligence which reduces an award is negligence on the part of the plaintiff or some person whose negligence is imputed to the plaintiff. No one had pled or suggested the plaintiff was negligent. The issue was conditionally submitted and not answered. An answer by the jury would have been of no consequence. Tex.Rev.Civ.Stat. Ann. art. 2212a § 1 (Supp. 1980–1981).

2) "Whenever any vehicle is stopped upon a roadway, the driver shall immediately actuate hazard warning signal lamps (emergency flashers), unless there is sufficient light to reveal persons and vehicles within a distance of 1000 (one thousand) feet."

3) "When a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his part, in which to a reasonable person requires immediate action without time for deliberation, his conduct in such an emergency is not negligence, or failure to use ordinary care, if, after such emergency arises, he acts as a person of ordinary prudence would have acted under the same or similar circumstances.

Appellants' objections to these instructions are that they: 1) were not raised by the pleadings; 2) were not raised by the evidence; 3) were irrelevant, since the jury was not submitted any issues that relate to these instructions; 4) the instructions were a direct comment on the evidence; and 5) the instructions were prejudicial to appellant.

Rule 277, T.R.C.P. provides in pertinent part:

"in submitting the case, the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict and in such instances the charge shall not be subject to the objection that it is a general charge."

\*    \*    \*    \*    \*    \*

The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the effect of their answers where it is properly a part of an explanatory instruction of definition."

Prior to its amendment in 1973, Rule 277, T.R.C.P., authorized explanatory instructions only when they were "*necessary* to enable the jury to properly pass upon and render a verdict on such issues." See: *Pittsburg Coca-Cola Bottling Works v. Ponder*, 443 S.W.2d 546, 550 (Tex.1969); *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481 (Tex.1943). As noted above, the Rule now provides that the court "shall submit such explanatory instructions and definitions as shall be *proper* to enable the jury to render a verdict ..." (emphasis added).

■ An instruction or definition is "proper" if it finds support in any evidence of probative value or the reasonable inferences that may be drawn therefrom, and if it might be of some aid or assistance to the jury in answering the issues submitted. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245, 256 (Tex.1974); *Mejia v. Liberty Mutual Ins. Co.*, 544 S.W.2d 690 (Tex.Civ. App.—Houston [14th Dist.] 1976, no writ). The court has considerable discretion in deciding what instructions are to be submitted. *Southern Pacific Transport Co. v. Garrett*, 611 S.W.2d 670, 674 (Tex.Civ.App. —Corpus Christi 1980, no writ); *Union Oil Co. v. Richard*, 536 S.W.2d 955 (Tex.Civ. App.—Beaumont 1975, no writ); *Mobil Chemical Company v. Bell, supra*.

The defendant Deayala's theory of the case was that he was not negligent in that during a blinding rainstorm, he suddenly came upon a vehicle ahead of him which was either stopped, or proceeding very slowly. He contends that he was entitled to an inferential rebuttal instruction on sudden emergency. We agree.

■ A defensive theory is characterized as inferential rebuttal when the defendant contends that if certain facts are true, then an essential element of plaintiff's cause of action could not also be true. Thus, by inference, the plaintiff's factual theory is rebutted or defeated. Since inferential rebuttal issues are prohibited by Rule 277, if there is evidence of sudden emergency, the defendant is entitled to suitable explanatory instruction or definition. A general denial is sufficient to support such an instruction and separate pleadings are not necessary. *Missouri Pacific R. Co. v. United*

*Transports, Inc.*, 518 S.W.2d 904, 910 (Tex. Civ.App.—Houston [1st Dist.] 1975, n. r. e.).

There was evidence to support the submission of the challenged instructions. Deayala testified that Schulze's truck was either stopped or moving very slowly. Deayala and another witness testified that the pickup's flashers were not on. Deayala was entitled to have the jury consider whether he was able to avoid the collision after coming upon the Schulze's pickup truck suddenly in the rain. He was not required to anticipate the negligence of the other driver and had the right to have instructions in the charge relating to Schulze's conduct.

Appellants complained that the wording of the first two instructions were comments on the weight of the evidence because they presupposed that the vehicle was stopped on the highway. With regard to the second instruction, this is not the case since use of the words "when" and "whenever" have been held not to be a comment on the weight of the evidence. *McDonald Transit v. Moore*, 565 S.W.2d 43 Tex. 1978.

The challenged instructions were proper. Appellants' points of error one, two and three are overruled. *First State Bank and Trust Co. of Edinburg v. George*, 519 S.W.2d 198, 207 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Yarborough v. Berner*, 467 S.W.2d 188 (Tex.1971); *Missouri Pacific R.R. Co. v. United Transports, Inc., supra*, at 910.

In their remaining points of error, appellants raise "no evidence" and "insufficient evidence" points to the jury's answers to the special issues regarding speed, lookout, application of brakes and evasive action, or lack thereof. All of these issues were answered in favor of Deayala. In passing on "no evidence" points, we may consider only the evidence, if any, and the inferences thereon tending to support the jury findings in question and we must disregard all evidence which would lead to a contrary result. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Salazar v. Hill*, 551 S.W.2d 518 (Tex.Civ.App.—Corpus Christi

1977, writ ref'd n. r. e.). A careful review of the record, considering only the evidence and inferences in support of the findings and disregarding all to the contrary, indicates that there was evidence to support the jury's findings on all the issues questioned. Accordingly, appellants' no evidence points are overruled.

In passing on the factual insufficiency points, i.e., "against the great weight and preponderance of the evidence points", we must examine the whole record to determine whether there is any evidence of probative value to support the jury findings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). The question of negligence usually arises where one vehicle overtakes another and strikes it, and in such cases the standards of ordinary care must be left to the jury. *Salazar v. Hill*, 551 S.W.2d 518 (Tex.Civ.App.—Corpus Christi 1977 writ ref'd n. r. e.). The jury's failure to find an issue vital to the plaintiff's case need not be supported by affirmative evidence, *Traylor v. Goulding*, 497 S.W.2d 944, 955 (Tex.1973), and the jury finding need just indicate that the plaintiff has failed to carry his burden. *Salazar v. Hill, supra*.

Viewing the record in its entirety, the jury's answers to the special issues questions were not so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellants' remaining points of error are, therefore, overruled.

The judgment of the trial court is affirmed.