Stella FRANCIS, Appellant,

v.

Dan COGDELL, Appellee.

No. 01-90-00271-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1991.

Michael Louis Minns, Houston, for appellant.

Ruben Hope, Scott Goleman, Conroe, for appellee.

Before EVANS, C.J., and O'CONNOR and HUGHES, JJ.

1. Section 61(a) of article 6701d provides that:
The driver of a motor vehicle shall, when following another vehicle, maintain an assured clear distance between the two vehicles, exercising due regard for the speed of such vehicles, traffic upon and conditions of the street or highway, so that such motor vehicle can be safely brought to a stop without colliding with the preceding vehicle, or veering into other vehicles, objects or persons on or near the street or highway.

## OPINION

HUGHES, Justice.

Appellant, Stella Francis ("Francis") appeals from a take nothing judgment rendered against her and in favor of appellee, Dan Cogdell ("Cogdell"). The judgment is based on a jury verdict failing to find negligence on the part of Cogdell in rear ending Francis' vehicle. We affirm.

In her first point of error, Francis makes the general assertion that, "there is a presumption that if you hit someone from the rear, you are the cause of their accident." Francis has not provided this Court with any authority in support of this proposition, other than references, for the first time on appeal, to TEX.REV.CIV.STAT.ANN. art. 6701d, § 61 (Vernon 1975).[1] Francis claims that, because of the existence of this presumption, the trial court erred in not granting a directed verdict in her favor.[2]

In reviewing the denial of an instructed verdict by the trial court on an evidentiary basis, the reviewing court will determine whether there is any evidence of probative force to raise a fact issue on the material questions presented. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). The court considers all of the evidence in a light most favorable to the party against whom the verdict would be instructed, and disregards all contrary evidence and inferences. *Id.* Every reasonable meaning deductible from the evidence is to be indulged in the nonmovant's favor. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 931 (Tex.1983).

If there is any conflicting evidence of probative value on any theory of recovery, an instructed verdict is improper and the issue must go to the jury. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d

2. We note here that Francis has not accurately recited the Texas rule on negligence in rear end collision cases. The rule in Texas regarding lookout to the rear is that the lead driver has no duty to keep a lookout for traffic approaching from the rear unless the lead driver changes his lane or direction, stops or suddenly decelerates, in either of which case he has a duty to keep a proper lookout to the rear and to give a proper signal of his intention. *Burnett v. Howard*, 466 S.W.2d 16, 20 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ).

260, 262 (Tex.1982); *Texas Employers Ins. Ass'n v. Page*, 553 S.W.2d 98, 192 (Tex. 1977).

■ The question presented to the jury was, "Did the negligence, if any, of the persons named below [Cogdell and Francis] proximately cause the occurrence in question?" The trial court had before it the following evidence in considering whether to send this question to the jury or grant a directed verdict:

On March 2, 1988, Francis was approaching the intersection of the I–10 West feeder road and Durham. She testified that as she approached the intersection, the light was red and she had come to a complete stop. She was at the intersection for about 30 seconds, when she was rear-ended by a Suburban truck driven by Cogdell. It had been raining and the traffic was medium. She never saw Cogdell's vehicle before the impact.

Cogdell testified he first saw Francis' car several car lengths before the intersection. There were two or three car lengths between his car and Francis' car. He said Francis abruptly, and in a dangerous fashion, slammed on her brakes. Cogdell hit his brakes hard, and his car skidded into Francis' car. He said: "My direction was drawn to the light after I saw her vehicle, because I was thinking I had a green light, we both had a green light, I was thinking, 'Why is this woman throwing her brakes on?'" Cogdell asserts the manner in which Francis stopped her vehicle caused him to collide with her vehicle.

A case similar to the one presented here is *Ruffin v. J.W. Weingarten, Inc.*, 387 S.W.2d 761 (Tex.Civ.App.—Tyler 1965, no writ). In that case, Ruffin testified she had stopped at an intersection for a red light. While she was stopped and before she could proceed forward after the light had turned green, Blate, a Weingarten employee, collided with the rear end of her vehicle. Blate disputed Ruffin's testimony by stating Ruffin had actually started to move forward and was almost around the corner when she suddenly jammed on her brakes. He testified that at the time Ruffin suddenly applied her brakes and made an abrupt stop, he was following her and was only seven or eight feet behind her. He stated he applied his brakes as quickly as possible, but because of Ruffin's sudden stop, he was unable to avoid striking her vehicle. *Id.* at 762.

On appeal, Ruffin made a similar argument to that advanced here by Francis— that the evidence conclusively established the following driver's negligence and the court should have, as a matter of law, entered judgment for her.[3]

In affirming judgment for Weingarten's, the Tyler court found the conflicting evidence presented only a fact question for the jury to resolve. *Ruffin*, 387 S.W.2d at 763. We agree with this reasoning, and after viewing the evidence in the light most favorable to Cogdell, the party against whom the verdict would have been instructed, we find that Cogdell's testimony raised a fact issue for the jury to determine. The trial court did not err in refusing Francis' request for a directed verdict.

The first point of error is overruled.

Francis complains in her second point of error, the trial court erred in instructing the jury regarding an unavoidable accident or sudden emergency. Francis claims there was no evidence or insufficient evidence to support the court giving such an instruction.

■ In response, Cogdell asserts Francis has not preserved her point of error because she is raising a factual insufficiency point and she did not file a motion for new trial. TEX.R.CIV.P. 324(b)(2). Rule 324 provides that a motion for new trial is a prerequisite to making a complaint on appeal if the complaint involves the factual insufficiency of the evidence to support a *jury finding*. Francis is not complaining of the factual insufficiency to support a *jury finding*, but rather, the legal insufficiency of the evidence to support the trial court

---

3. In *Ruffin*, the plaintiff had asked for judgment notwithstanding the jury's verdict; here, Francis asked for a directed verdict. Since both verdicts require a "matter of law" determination, we do not find the distinction to be of any consequence.

giving *an explanatory instruction.* Francis was not required to file a motion for new trial in this situation; Cogdell's assertion is overruled.

■ The only function of an explanatory instruction in the court's charge is to aid and assist the jury in answering the issues submitted. *Atchison, Topeka, and Sante Fe Ry. v. O'Merry,* 727 S.W.2d 596, 601 (Tex.App.—Houston [1st Dist.] 1987, no writ). If an instruction might aid the jury in answering the issues presented to them, or if there is *any* support in the evidence for an instruction, the instruction is properly given. TEX.R.CIV.P. 277. Moreover, a trial court has great latitude and considerable discretion in determining which instructions are necessary and proper to submit to the jury. *Johnson v. Whitehurst,* 652 S.W.2d 441, 447 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). It is the trial judge's duty to determine whether the doctrines of sudden emergency or unavoidable accident have been raised by the evidence. If the judge finds there is such evidence tending to establish the necessary elements of the doctrine, then it is clearly the judge's duty to submit such explanatory instructions as are proper to enable the jury to render a just verdict. *Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227, 229 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Select Ins. Co. v. Boucher,* 551 S.W.2d 67 (Tex.Civ.App.—Houston [1st Dist.] 1977), *aff'd,* 561 S.W.2d 474 (Tex. 1978).

Cogdell pled the accident was caused by Francis' negligence, and he specifically requested the court instruct the jury on the doctrines of sudden emergency and unavoidable accident. Cogdell's pleading was supported by competent evidence. It was uncontroverted the accident occurred during morning "rush hour" and that it had been raining, causing the roads to become wet and slick. Cogdell testified the light was yellow and Francis suddenly slammed on the brakes in a negligent manner, causing him to run into her.

The Fourteenth Court of Appeals was confronted with an analogous situation in *Daggett v. McReynolds,* 459 S.W.2d 475 (Tex.Civ.App.—Houston [14th Dist.] 1970,

no writ). There, McReynolds was travelling about 40 miles per hour in heavy rain, when he suddenly came upon plaintiff's car. He applied his brakes after he saw plaintiff's car from a distance of about 30 feet, but his car skidded or slid into the back of the plaintiff's car. The court held the jury verdict was consistent with the evidence and McReynolds was acting under a sudden emergency as that term was defined in the charge. *Id.* at 477.

In *Erickson v. Deayala,* 627 S.W.2d 475 (Tex.App.—Corpus Christi 1981, no writ), Deayala's defensive theory of the case was that he was not negligent in that during a "blinding" rainstorm, he suddenly came upon a vehicle ahead of him which was either stopped, or proceeding very slowly. The Corpus Christi Court of Appeals agreed with Deayala that he was entitled to have the jury consider whether he was able to avoid the collision after coming upon the plaintiff's truck suddenly in the rain. *Id.* at 478. The court further held Deayala had the right to have instructions in the charge concerning the plaintiff's conduct. *Id.* at 479.

■ We find *Deayala* and *McReynolds* persuasive and adopt their reasoning here. We find the uncontradicted testimony as to the rainy, slick road condition, and Cogdell's testimony concerning Francis' conduct, was some evidence to support the trial court giving the requested instruction.

We note that for the first time, during oral argument, Francis complains of the trial court's failure to give an instruction concerning a "presumption of negligence" in a rear end collision, or an instruction on negligence per se. She did not assert this argument as a point of error in her brief, nor did she properly request such an instruction at trial. Thus, she has not preserved error concerning this complaint. TEX.R.CIV.P. 278; TEX.R.APP.P. 74(d).

Francis' second point of error is overruled.

The judgment of the trial court is affirmed.