Rachel KNIGHTEN, Appellant,

v.

LOUISIANA PACIFIC CORPORATION, and Satcom, Inc., d/b/a Cable Texas, Appellees.

No. 09–96–050CV.

Court of Appeals of Texas, Beaumont.

Submitted April 24, 1997.

Decided June 12, 1997.

Rehearing Overruled July 11, 1997.

John Werner, Richard J. Clarkson, Reaud, Morgan & Quinn, Beaumont, for appellant.

Donean Surratt, Orgain, Bell & Tucker, Paul A. Scheurich, Jacqueline M. Stroh, Benckenstein, Norvell & Nathan, Beaumont, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

This is a personal injury suit resulting from a collision between an automobile and two trucks. Rachel Knighten sued Louisiana–Pacific Corporation (LPC) and Satcom, Inc. d/b/a Cable Texas (Cable Texas) alleging she was injured due to the negligence of defendants' employees acting in the course and scope of their employment. Knighten was driving on a highway in Hardin County, Texas when she came to a stop because the vehicle in front of her stopped. James Jewell, who was driving a truck for his employer LPC, ran into the back of her car twice. After Jewell hit Knighten's car the first time, Jimmy King hit Jewell's truck from behind causing Jewell to again collide with Knighten. King was driving a truck for his employer, Cable Texas. A jury found that none of the drivers were negligent. The trial court signed a take nothing judgment in favor of the defendants.

Knighten brings four points of error. In her first point, Knighten alleges the trial court erred in refusing to allow her to file her third amended petition, setting out her claim of negligence per se, during trial. A party may file a trial amendment of his pleadings during the course of a trial provided two conditions are met. *See Chapin & Chapin, Inc. v. Texas Sand & Gravel Co. Inc.,* 844 S.W.2d 664, 665 (Tex.1992); *see also Greenhalgh v. Service Lloyds Ins. Co.,* 787

S.W.2d 938, 939–41 (Tex.1990); Tex.R. Civ. P. 63 & 66. In *Greenhalgh,* the Court stated:

Under Rules 63 and 66 a trial court has no discretion to refuse an amendment unless: 1) the opposing party presents evidence of surprise or prejudice, Tex.R. Civ. P. 63 and 66; *Hardin v. Hardin,* 597 S.W.2d 347, 350–51 (Tex.1980) (Campbell, J., concurring); *see Food Source, Inc. v. Zurich Ins. Co.,* 751 S.W.2d 596, 599 (Tex.App.—Dallas 1988, writ denied); or 2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Hardin v. Hardin,* 597 S.W.2d 347 (Tex.1980). The burden of showing prejudice or surprise rests on the party resisting the amendment. *Patino v. Texas Employers Insurance Association,* 491 S.W.2d 754, 756 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.).

*Id.* at 939.

■ Considering the first prong in *Greenhalgh,* we find no place in the record, nor do either of the appellees point us to any place, showing appellees presented evidence that surprise or prejudice would have resulted if appellant had been allowed to amend her pleadings to add negligence per se. Under the second prong, we next consider whether Knighten's addition of negligence per se constituted a new cause of action.

The El Paso court addressed this same issue in *Zavala v. Trujillo,* 883 S.W.2d 242 (Tex.App.—El Paso 1994, writ denied). In that case, Zavala was injured in a water skiing accident. Zavala sued asserting general allegations of negligence and allegations of specific acts of negligence. Following denial of his motion for leave to file a trial amendment to add negligence per se to his lawsuit, the court entered a take nothing judgment on the jury verdict and Zavala appealed. The appeals court found that negligence per se was not a separate cause of action from common law negligence:

We first note that negligence per se is not a cause of action separate and independent from a common-law negligence cause of action. Negligence per se is merely one

method of proving, through proof of an unexcused violation of a penal statute designed to protect the class of persons to which the injured party belongs, the breach of duty required in any negligence cause of action, establishing negligence as a matter of law. *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex.1982). As such, we hold that the proposed trial amendment did not inject a new cause of action into the trial and is not prejudicial on its face. Appellee was thus required in the trial court to create a record demonstrating surprise or prejudice as a result of the trial amendment. *See Greenhalgh,* 787 S.W.2d at 939.

*Zavala,* 883 S.W.2d at 246.

■ The record reflects that appellant's second amended petition contains allegations of five specific acts of negligence. Appellant's requested trial amendment alleged a specific act of negligence, i.e. the violation of Tex.Rev.Civ. Stat. Ann. art. 6701d, § 61 (Vernon's 1977).[1] An unexcused violation of a statute constitutes negligence per se if that statute was designed to prevent injury to the class of persons to which the injured plaintiff belongs. *Golden Spread Council, Inc. # 562 of the Boy Scouts of America v. Akins,* 926 S.W.2d 287, 293 (Tex.1996)(J. Cornyn concurring) (citing *El Chico Corp. v. Poole* 732 S.W.2d 306, 312 (Tex.1987); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 549 (Tex.1985)). Section 61 of the Uniform Act Regulating Traffic on Highways reads in part as follows:

The driver of a motor vehicle shall, when following another vehicle, maintain an assured clear distance between the two vehicles, exercising due regard for the speed of such vehicles, traffic on and conditions of the street or highway, so that such motor vehicle can be safely brought to a stop without colliding with the preceding vehicle, or veering into other vehicles, objects or persons on or near the street or highway.

Tex.Rev.Civ. Stat. Ann. art. 6701d, § 61(a) (Vernon 1977). An unexcused violation of this statute constitutes negligence per se. *See Kralik v. Martin,* 659 S.W.2d 136, 137

---

1. Repealed. Now Tex. Transp. Code Ann. § 545.062(a) (Vernon Pamph.1997).

(Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

■ Negligence per se is not a cause of action separate and independent from a common law negligence action. *See Zavala,* 883 S.W.2d at 246. Consequently, we hold that appellant's proposed trial amendment did not inject a new cause of action into the trial and is not prejudicial on its face. The trial court therefore erred in not allowing appellant to file her third amended petition alleging negligence per se. Appellant's first point of error is sustained.

In her second point of error, Knighten complains the trial court erred in failing to instruct the jury on the law of negligence per se. LPC relies on *Smith v. Central Freight Lines, Inc.,* 774 S.W.2d 411, 415 (Tex.App.—Houston [14th Dist.] 1989, writ denied), for its holding that a broad form submission of negligence is proper in cases involving Section 61(a). In that case, the Houston court found a trial court is not required to submit an instruction based upon statutory language if the statutes's standard of care is the same or substantially the same as the duty of ordinary care. *Id.* at 415. The court found as follows:

> The "assured clear distance" instruction requested by the Smiths referred to "that distance which would be maintained by a driver *using ordinary care* when following another vehicle ..." [Emphasis added]. We find that this instruction merely re-states the standard of ordinary care and does not alter the common law duty. Therefore, the trial court's broad form submission of the negligence question was proper, and point of error two is overruled.

*Id.* at 415.

■ We find that Knighten's requested instruction is distinguishable from the requested instruction in *Smith.* Knighten's proffered jury instruction reads as follows:

> The law requires that every driver traveling behind another vehicle maintain an "assured clear distance", *exercising due regard* for the speed of the vehicles and the traffic and conditions of the street or highway, so that such vehicle can be safely brought to a stop without colliding with the vehicle in front of it. A failure to comply

with that law is negligence in itself. [Emphasis added]

A standard of care requiring "due regard" is different from a standard of care requiring "ordinary care." "Due regard" is an intermediate standard imposing a duty less than "ordinary care" but greater than a simple lack of recklessness. *See City of El Paso v. Kolster,* 931 S.W.2d 365, 369 (Tex.App.—El Paso 1996, writ requested); *see also City of San Antonio v. Schneider,* 787 S.W.2d 459, 465 (Tex.App.—San Antonio 1990, writ denied). Consequently, appellant's requested instruction, which is based on the language of Section 61(a), is not a restatement of the standard of "ordinary care" and does alter the duty that already exists at common law.

Had appellant been allowed to instruct the jury that violation of Section 61 constitutes negligence, the jury may have found defendants negligent. Thus, the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case. TEX.R.APP. P. 81(b)(1). For the reasons stated above, we sustain appellant's second point of error.

■ In appellant's third point of error, she asserts the trial court erred in instructing the jury on sudden emergency regarding Jewel, LPC's employee. "The only function of an explanatory instruction in the court's charge is to aid and assist the jury in answering the issues submitted." *Francis v. Cogdell,* 803 S.W.2d 868, 871 (Tex.App.—Houston [1st Dist.] 1991, no writ)(citing *Atchison, Topeka and Santa Fe Ry. v. O'Merry,* 727 S.W.2d 596, 601 (Tex.App.—Houston [1st Dist.] 1987, no writ)). "If an instruction might aid the jury in answering the issues presented to them, or if there is *any* support in the evidence for an instruction, the instruction is properly given." *Francis,* 803 S.W.2d at 871; *see also* TEX.R. CIV. P. 277. Moreover, a trial court has considerable discretion in determining which instructions are necessary and proper to submit to the jury. *See Francis,* 803 S.W.2d at 871 (citing *Johnson v. Whitehurst,* 652 S.W.2d 441, 447 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.)). It is the trial judge's duty to deter-

mine whether the doctrine of sudden emergency has been raised by the evidence. *See Francis,* 803 S.W.2d at 871. If the judge finds there is such evidence tending to establish the necessary elements of the doctrine, then it is clearly the judge's duty to submit such explanatory instructions as are proper to enable the jury to render a just verdict. *Id.; see also Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227, 229 (Tex.App.—Houston [1st Dist.] 1983, no writ).

■ Our Texas Supreme Court has approved the following definition of sudden emergency:

> When a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his part, and which to a reasonable person requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or a failure to use a high degree of care, if, after such emergency arises, he acts as a very cautious, competent, and prudent person would have acted under the same or similar circumstances.

*McDonald Transit, Inc. v. Moore,* 565 S.W.2d 43, 44 (Tex.1978). LPC relies on *Francis* for the proposition that because there was evidence at trial that it was raining at the time of the accident and the road was wet, the trial judge correctly instructed the jury on sudden emergency. In *Francis,* however, the defendant testified the plaintiff suddenly slammed on the brakes in a negligent manner, causing him to run into her. *Francis,* 803 S.W.2d at 871. In the present case, we do not find any evidence in the record indicating Knighten was negligent. Additionally, we do not find the fact that it may have been raining at the time of the accident justifies submitting a sudden emergency instruction to the jury. There is nothing in the record indicating that the rain arose suddenly and unexpectedly or impaired any of the drivers' abilities to operate their vehicles. We hold that the evidence in the record does not justify the trial court's giving the instruction on sudden emergency and that the giving of such instruction was prejudicial to appellant. The instruction relaxing the standard of ordinary care was reasonably

calculated to cause and probably did cause prejudicial harm to plaintiff so as to require a reversal of defendant's judgment. *See Deviney v. McLendon,* 496 S.W.2d 161, 167 (Tex. Civ.App.—Beaumont 1973, writ ref'd n.r.e.)(citing *Levermann v. Cartall,* 393 S.W.2d 931, 936 (Tex.Civ.App.—San Antonio 1965, writ ref. n.r.e.)). Appellant's point of error three is sustained.

Because we have sustained appellant's points of error one, two and three, we need not address appellant's fourth point of error.

**REVERSED AND REMANDED.**