Opinion Issued April 24, 2003                                                    
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00543-CV
____________

DINESH BATRA, Appellant

V.

TAMMY CLARK, INDIVIDUALLY AND AS NEXT FRIEND OF CLARISSA
EWELL, Appellee




On Appeal from the 80th District Court 
Harris County, Texas
Trial Court Cause No. 0032638




O P I N I O N
          Appellant, Dinesh Batra, appeals a verdict finding him negligent and awarding
damages to appellee, Tammy Clark, individually and as next friend of Clarissa Ewell. 
We determine whether Batra, an out-of-possession landlord who retained no control
over the premises of the rental property, owed a duty to Ewell, a third party who was
injured on the property. We reverse and render judgment that Clark take nothing
from Batra. Facts and Procedural History 
          Ewell, a nine-year-old girl, was attacked by a pit bull at a house located in
Baytown, Texas. Batra was the owner and landlord of the rental house, and Martha
Torres was the tenant. The pit bull belonged to Torres’ son, who was not a resident
of the rental property, but Torres sometimes kept the dog at the house. The lease
agreement signed by Batra and Torres contained a clause prohibiting pets on the
premises of the rental property without the written consent of Batra. The clause also
provided that Batra could remove any unauthorized animal and give custody of the
animal to local authorities. 
          Ewell went over to the Torres’ house to play with Torres’ daughter, Georgina. 
The house was surrounded by a fence, with gate openings in the front and on the back
side. Although the dog was typically chained on the side of the house, it was not
chained on the day Ewell was attacked. As Ewell stood on the sidewalk outside the
fence of the Torres’ house, she was told by Georgina to “agitate” the dog to distract
it so that Georgina could leave the house and exit through the gate at the back side
of the house. Ewell distracted the dog by running back and forth up and down the
fence line. The dog broke through the fence and attacked Ewell, biting her numerous
times on the legs. Ewell required medical treatment and stitches as a result of the
attack. 
          Clark sued Batra and Torres for negligence. During trial, Batra moved for a
directed verdict, arguing that he owed no duty to Ewell because he was an out-of-possession landlord who had no control over the dog or the rental property. After a
bench trial, the trial court found Batra and Torres each 50% liable for Ewell’s
injuries. Batra moved for a new trial under the same grounds as his motion for
directed verdict.Duty Owed by Out-of-Possession Landlord
          In his first point of error, Batra contends that the trial court erred by overruling
his motion for directed verdict and motion for new trial because he did not owe a duty
to Ewell. Batra argues that, as an out-of-possession landlord who allegedly did not
retain any control of the premises, he had no duty to exercise reasonable care to
prevent the attack of the dog owned by the son of his tenant. Clark responds with the
argument that Batra owed Ewell a duty of care because Batra (1) had actual
knowledge that the dog was on the premises of the rental property and imputed
knowledge of the dog’s dangerous propensities, (2) retained the ability to control the
rental property because of the lease provisions allowing him to access the leased
premises at any time, and (3) retained the ability to control the dog because of the
lease provisions prohibiting pets on the property without his written consent and
giving him the right to remove any unauthorized pet.


 
           In reviewing the denial of a directed verdict on an evidentiary basis, we must
determine whether there is any evidence of probative force to raise a fact issue on the
material questions presented. Francis v. Cogdell, 803 S.W.2d 868, 869 (Tex.
App.—Houston [1st Dist.] 1991, no writ). We consider all of the evidence in the
light most favorable to the party against whom the verdict would be instructed, and
disregard all contrary evidence and inferences. Id. Every reasonable inference
deducible from the evidence is to be indulged in the nonmovant’s favor. Id. Our
review is limited to the specific grounds stated in the motion. See Cooper v. Lyon
Fin. Servs., Inc., 65 S.W.3d 197, 207 (Tex. App.—Houston [14th Dist.] 2001, no
pet.).  
          A trial court has broad discretion to deny or grant a motion for new trial, and
the trial court’s discretion will not be disturbed on appeal absent a showing of a
manifest abuse of discretion. See Champion Int’l Corp. v. Twelfth Court of Appeals,
762 S.W.2d 898, 899 (Tex. 1988). To determine whether the trial court abused its
discretion, we must decide whether the trial court acted without reference to any
guiding rules or principles. Gilgon, Inc. v. Hart, 893 S.W.2d 562, 569 (Tex.
App.—Corpus Christi 1995, writ denied). In reviewing the denial of a motion for
new trial on an insufficiency of the evidence challenge, we are required to consider
all the evidence and set aside a fact finding only if the evidence supporting the
finding is so weak or the evidence to the contrary is so overwhelming as to be clearly
wrong and manifestly unjust. Id. at 569-70. 
A.      Duty 
          Both parties cite Baker v. Pennock Props., Ltd. to support their arguments. See
id., 874 S.W.2d 274, 277 (Tex. App.—Houston [14th Dist.] 1994, no writ). In Baker,
the court held that a landlord retaining control over premises used in common by
different occupants of his property has a duty to protect tenants from dog attacks in
the common areas of his property and will be held liable if (1) the injury occurred in
a common area under the control of the landlord and (2) the landlord had actual or
imputed knowledge of the dog’s vicious propensities. Id. at 277. Baker is
distinguishable because it involved a landlord in possession with control over the
common areas, whereas this case involves a landlord out of possession with arguably
no, or limited, control over the premises. See id.; Johnson County Sheriff’s Posse,
Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996) (recognizing that generally lessor
relinquishes possession or occupancy of premises to lessee); Butcher v. Scott, 906
S.W.2d 14, 15 (Tex. 1995) (finding that party must be in control of premises to be
held liable as owner or occupier). Moreover, the Baker court expressly refused to
decide the issue of whether an out-of-possession landlord may be liable for harm
caused by a tenant’s dog to third parties. Baker, 874 S.W.2d at 277. Thus, we are
faced with an issue of first impression. 
          Several other jurisdictions have imposed liability on out-of-possession
landlords for dog attacks against third parties on the landlords’ single-dwelling
premises. See Danny R. Veilleux, Annotation, Landlord’s Liability to Third Person
for Injury Resulting from Attack on Leased Premises by Dangerous or Vicious
Animal Kept by Tenant, 87 A.L.R.4th 1004, 1012-13 (1991). The majority of cases
have held that a landlord will be liable for injuries caused by the attack of a tenant’s
dog only when the landlord (1) had actual knowledge of the dog’s presence on the
leased premises, actual knowledge of the dog’s dangerous propensities, and the
ability to control the leased premises, either by the terms of the lease or by trailer park
or subdivision regulations; and (2) failed to exercise that ability to control. See
Uccello v. Laudenslayer, 44 Cal.Rptr. 741, 746-47 (Ct. App. 1975) (holding duty of
care arises when landlord has actual knowledge of presence of dangerous animal and
of its dangerous propensities and right to remove animal by retaking possession of
premises); McCullough v. Bozarth, 724-25, 442 N.W.2d 201, 208 (Neb. 1989) (ruling
that landlord is liable for injuries caused by attack of tenant’s dog only when landlord
had actual knowledge of dangerous propensities of dog and, by terms of lease, had
power to control dog and neglected to exercise that power); Strunk v. Zoltanski, 468
N.E.2d 13, 16 (N.Y. 1984) (stating that landlord may be liable who, with knowledge
that prospective tenant has vicious dog which will be kept on premises, leases
premises to tenant without taking reasonable measures, by provisions in lease or
otherwise, to prevent attacks by dog); Vigil v. Payne, 725 P.2d 1155, 1157 (Colo. Ct.
App. 1986) (holding that landlord who has actual knowledge that tenant owns animal
with vicious propensities has duty to take reasonable precautions to prevent attacks
by animal); Palermo v. Nails, 483 A.2d 871, 873 (Pa. 1984) (finding landlord liable
for injuries by animals owned by his tenant when landlord had knowledge of presence
of dangerous animal and right to control or remove animal by retaking possession of
premises). Cf. Royer v. Pryor, 427 N.E.2d 1112, 1119 (Ind. Ct. App. 1981) (refusing
to hold landlord liable when he did not know of vicious propensities of tenant’s dog
and did not retain or exercise control over portion of premises on which attack
occurred); Roy v. Neibauer, 623 P.2d 555, 556 (Mont. 1981) (affirming summary
judgment in favor of landlord when tenant agreed, pursuant to lease, that he would
not maintain or permit to be maintained on premises dog with dangerous
propensities); Parker v. Sutton, 594 N.E.2d 659, 661-62 (Ohio Ct. App. 1991)
(holding that landlord with knowledge of presence of vicious animal on premises may
not be held liable if he had reasonable belief that dog was removed from property or
if insufficient time has passed for landlord to take legal steps to abate hazard); but see
Vasques v. Lopez, 509 So. 2d 1241, 1242 (Fla. Dist. Ct. App. 1987) (finding liable
landlord who had imputed knowledge of vicious dog’s presence and ability to control
premises); Merwin v. McCann, 129 A.D.2d 925, 926 (N.Y. App. Div. 1987)
(reversing summary judgment and remanding to trial court to determine whether
landlord had actual or imputed knowledge that vicious dogs were kept on premises);
Bessent v. Matthews, 543 So. 2d 438, 439 (Fla. Dist. Ct. App. 1989) (affirming
judgment when there was no evidence that landlord knew or had reason to know that
his tenant’s dog was vicious); Clemmons v. Fidler, 791 P.2d 257, 259 (Wash. Ct.
App. 1990) (holding that landlord cannot be liable for injuries caused by tenant’s
vicious dog even if landlord has actual or implied knowledge of dog’s presence on
property and vicious tendencies).
          We agree with the majority of cases that liability should be imposed on an out-of-possession landlord only when he has actual knowledge, rather than imputed
knowledge, of the presence of a vicious animal on the leased premises. We hold that,
if a landlord has actual knowledge of an animal’s dangerous propensities and
presence on the leased property, and has the ability to control the premises, he owes
a duty of ordinary care to third parties who are injured by this animal. 
B.      Application 
          We now determine whether, under the above duty, Batra had actual knowledge
of the dog’s presence on the leased property and dangerous propensities.  
          Cynthia Taplin, Torres’ neighbor, testified at trial that she saw Batra fixing the
roof of the rental house at some time before the dog attacked Ewell, that the dog was
chained up on the side of the house, and that the dog was barking the entire time
Batra fixed the roof. In factual finding number nine, the trial court found that Batra
had actual knowledge of the dog’s presence on the premises before Ewell was
attacked, which finding Taplin’s testimony supports. In conclusion of law number
three, the trial court decided that Batra had control over the leased premises and
imputed knowledge of the dog’s vicious propensities.
 
          Here, although the trial court found that Batra had actual knowledge of the
dog’s presence on the property and that Batra had control over the leased property,
the trial court did not make any conclusion that Batra had actual knowledge of the
dog’s vicious propensities. Instead, the trial court found only that Batra had imputed
knowledge of the dog’s vicious propensities. We have already determined that actual
knowledge, as opposed to imputed knowledge, of a dog’s vicious propensities is
necessary to establish a duty to Ewell. Further, the evidence at trial does not support
a conclusion that Batra actually knew that the particular dog that attacked Ewell had
vicious propensities. Although Taplin testified that Batra was on the property when
the dog was barking, there is no evidence showing that Batra either saw the dog and
knew that it was a potentially vicious animal or identified the dog’s bark as the bark
of a potentially vicious animal. Thus, there is no evidence showing that Batra owed
Ewell a duty of ordinary care. 
          We hold that the trial court erred by overruling Batra’s motion for directed
verdict and motion for new trial. See Francis, 803 S.W.2d at 869; Hart, 893 S.W.2d
at 569. 
          We sustain Batra’s first point of error.



 
Conclusion
          We reverse that portion of the judgment allocating 50% of the liability for the
damages to Batra and order that Clark take nothing from Batra. 



     Tim Taft
     Justice

Panel consists of Justices Taft, Keyes, and Higley.

Publish. See Tex. R. App. P. 47.4