Alberta JONES, Appellant,

v.

HOUSTON ARISTOCRAT APART-
MENTS, LTD., Appellee.

No. 17054.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 18, 1978.
Rehearing Denied June 22, 1978.

David J. Nagle, Houston, for appellant.

Kain & Reedy, John O. Kain, Houston,
for appellee.

COLEMAN, Chief Justice.

This is a suit for damages for personal injuries sustained in a fall by the lessee of an apartment in a multiple unit housing project. After a trial to a jury a judgment was entered for the lessor notwithstanding the verdict. The judgment will be reversed.

Alberta Jones and her husband, Joe Jones, rented an apartment in the project known as Aristocrat Apartments from Houston Aristocrat Apartments, Ltd., under a written lease agreement. Del Farris executed the lease agreement as the Assistant Manager of Houston Aristocrat Apartments, Ltd. The lessor has a contract with the Secretary of Housing and Urban Development acting through the Federal Housing Commissioner whereby the Commissioner makes interest reduction payments to afford subsidized housing to the tenants in this project.

Prior to renting the apartment Alberta Jones accompanied by Del Farris inspected the apartment. She discovered a depression in the flooring which Alberta described in her testimony as a "hole in the floor." She testified that it was large enough for "your foot to fit in" and that Del Farris placed her foot in the depression on that occasion. Plaintiff testified that the hole was about five or six inches long. Arthur Shirley, a maintenance man at the project, testified that the "sink" in the floor was about two or two and a half feet in diameter.

On the 21st day of June 1974 a fire broke out in the electric fan located in the bathroom of the apartment. While Mrs. Jones was running to the telephone to call the fire department she stepped in the hole and broke her foot. This suit resulted.

In response to special issues the jury found that Del Farris told Alberta Jones the depression in the floor would be repaired by defendant, but that there was no agreement between Del Farris and Alberta Jones that the condition of the floor would be repaired before the lease was signed. The jury found that after February 17, 1974 there was an agreement between Del Farris and Alberta Jones that the floor would be repaired by the defendant; that Del Farris had the authority to bind the defendant in connection with the repair of the condition of the floor; that the failure of the defendant to repair the condition of the floor was negligence; that the negligence was a proximate cause of the occurrence in question; that Alberta Jones was not negligent in stepping into the depression in the floor; and that she suffered damage in the amount of $5,500.00.

The lease agreement provided that the tenant would repair damage caused by his act at his own expense. It authorized the landlord to enter the premises for the purpose of making reasonable inspections and repairs. Paragraph 12 reads:

"The TENANT, by the execution of this agreement admits that the dwelling unit described herein has been inspected by him and meets with his approval. The TENANT acknowledges hereby that said premises have been satisfactorily completed, and that the LANDLORD will not be required to repaint, replaster, or otherwise perform any other work, labor, or service which it has already performed for the TENANT. The TENANT admits that the premises are in a tenantable condition, and agrees that at the end of the occupancy hereunder to deliver up and surrender said premises to the LANDLORD in as good condition as when received, reasonable wear and tear excepted."

The contract also provides "No alteration, addition, or improvements shall be made in or to the premises without the prior consent of the LANDLORD in writing."

It is well settled that where a landlord retains possession or control of a portion of the leased premises the landlord is charged with the duty of ordinary care in maintaining the portion retained so as not to damage the tenant. *Brown v. Frontier Theatres, Inc.,* 369 S.W.2d 299 (Tex.1963); *Lang v. Henderson,* 215 S.W.2d 585 (Tex. 1948). This rule has been applied in a case where a tenant suffered water damage by reason of a leaky roof and stopped up drain pipes. *Archibald v. Fidelity Title & Trust Co.* 296 S.W. 680 (Tex.Civ.App.—Eastland, 1927, no writ history). The same rule was applied in *Denson v. Willcox,* 298 S.W. 534 (Tex.Com.App.1927), a case in which a tenant suffered damage by reason of the collapse of a partition wall. There the court said:

"Where a partition wall forms a constituent part of each of two buildings owned by the same landlord, and the buildings are let to different tenants, without contract provisions specifically regulating the possession, control, or repair of the partition wall the possession and control of such wall, for maintenance purposes, remain in the landlord, though a common right of user, as a party wall, passes to the several tenants as an appurtenance to their respective leaseholds. This possession and control by the landlord imposes upon him the duty to exer-

cise ordinary care to maintain the wall in a reasonably safe condition, and he is liable to his tenants for the damage suffered by them in consequence of his failure to perform that duty . . . The obligation of a tenant to keep in repair the demised premises does not extend to property in which he holds appurtenant easement rights, merely, in common with his fellow tenants."

The Supreme Court of Texas has determined that a cause of action for damages was stated in a case against the Housing Authority of the City of Dallas where a tenant brought suit for damages suffered as the result of a defective gas heater in an apartment leased by him from the Authority. It was there alleged that the Housing Authority had exclusive responsibility for maintenance and repair of the gas heater. A summary judgment in favor of the Authority was granted in the trial court by reason of the provision in the lease insulating the landlord from liability for damages resulting from the condition of the premises. The Supreme Court pointed out that the defendant was a public body organized for the declared purpose of providing safe and sanitary dwelling accommodations for persons of low income and that the situation presented a classic example of unequal bargaining power. The opinion stated that the terms of the contract were dictated by the Authority, and that a prospective tenant had no choice but to accept them if he and his family were to enjoy decent housing accommodations not otherwise available to them. The Court then held that the exculpatory provision was contrary to public policy and void insofar as it purported to affect the authority's liability in the case under consideration. *Crowell v. Housing Authority of City of Dallas,* 495 S.W.2d 887 (Tex. Sup.1973).

There is evidence in this case that a defect existed in the flooring of a second story apartment in a multiple housing unit. It is suggested in the evidence that the flooring was a concrete structure which formed the ceiling of the apartment below. There is evidence from which a conclusion could be drawn that the defective condition could

not be repaired without damaging the carpeting which covered it. The defective condition of the flooring is quite similar to a defective partition wall.

■ The lease permits the landlord to enter the premises for the purpose of making repairs and forbids the tenant from making any alteration or improvement in the premises without the prior consent of the landlord. These provisions of the lease grant the landlord effective control of the flooring in the plaintiff's apartment.

■ Provisions of a lease whereby the tenant admits that the dwelling unit meets with his approval, has been satisfactorily completed and is in a tenantable condition are contrary to public policy and void insofar as they serve to insulate the landlord from liability for his negligent failure to repair a known dangerous condition. *Crowell v. Housing Authority of City of Dallas,* supra.

The Supreme Court of Texas has approved the statement of the duty owed by the lessor to a lessee found in §§ 360 and 361 of the Restatement (2d) of Torts. § 360 provides that a possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe. *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978). In this case the Supreme Court expressly abolished the no duty concept and determined that premises cases should be tried on simple negligence and contributory negligence issues. In this case the jury failed to find the plaintiff guilty of contributory negligence, but found the defendant guilty of negligence.

The trial court erred in entering a judgment notwithstanding the verdict in favor of the defendant. The judgment is reversed and judgment is here rendered that Alberta Jones recover from Houston Aristocrat Apartments, Ltd., Libo, Incorporated, Julian Holt Bowman and National Housing Partners, jointly and severally, the sum of $5,500.00 together with interest at the rate of 9% per annum from August 23, 1977, and all costs of court.