584 So.2d 187 (1991)
Debra GIACULLI, etc., Appellant,
v.
Ivory BRIGHT, et al., Appellees.
No. 89-2360.
District Court of Appeal of Florida, Fifth District.
August 15, 1991.
*188 Glenn Klausman, of Jacobs & Goodman, P.A., Altamonte Springs, and Barbara Green, of Freidin, Hirsh & Green, P.A., Miami, for appellant.
Lora A. Dunlap and Tracy Troutman Cheek, of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., for appellees Kenneth M. Ehlers, Kathleen J. Ehlers and Lease-A-Landlord of Cent. Florida, Inc.
No appearance for appellee Ivory Bright.
W. SHARP, Judge.
Debra Giaculli, individually and as next friend of her son, Nicholas, appeals from a final summary judgment which determined that the owners and management company of her apartment complex were not liable for the injuries suffered by Nicholas when he was attacked by a neighbor's pit bull. Giaculli argues that there are genuine issues of material fact as to whether the owners and management company had notice of the dog's vicious nature and had a reasonable opportunity to take preventive measures. We agree and accordingly reverse the final summary judgment and remand for further proceedings.
On August 22, 1986, Nicholas was playing outside his apartment when he was bitten by a pit bull owned by his neighbor, Ivory Bright.[1] Nicholas was climbing a tree which borders his backyard and Bright's when the pit bull jumped on his back and started to bite him. Nicholas ran away and the pit bull chased him. The pit bull broke his chain, and bit Nicholas again. The apartments were owned by the Ehlers and managed by Lease-A-Landlord of Central Florida, Inc.
In 1987, Giaculli filed a negligence action against Ivory Bright, the Ehlers and Lease-A-Landlord. The Ehlers and Lease-A-Landlord moved for summary judgment on the basis that the record established that there was no negligence on their part which proximately caused any injuries. In support, the Ehlers and Gene Bennett, the president of Lease-A-Landlord, submitted affidavits in which they stated that they had no knowledge of the presence of the dog, no knowledge of the alleged breed or behavior or propensities of the dog and had no knowledge of any complaints concerning the dog. In opposition to the motion for summary judgment, Giaculli submitted an affidavit from Ann Persley in which Persley stated the following:
2. In August, 1986, I received a telephone call from Debra Giaculli, who was crying and hysterical. She asked me to come right over as Nicholas had been bitten by the neighbors' dog. I rushed over to Debbie's and arrived just as the paramedics and ambulance arrived. I saw the injury to Nicholas and observed the paramedics working on Nicholas.
3. A day or two before Nicholas was bit by the dog, I saw the pit bull-type dog in the back yard that Debbie shared with her neighbor. The dog was chained and was barking and lunging at the children in the back yard. Debbie went outside to bring the children in and asked that I call Lease-A-Landlord and tell them that there was a pit bull back there barking and lunging at the kids.
4. I immediately called Lease-A-Landlord and told the lady who answered the telephone that I was calling from Debbie Giaculli's apartment and I gave the lady the address. I told the lady that the people who they had just leased the apartment next door had a pit bull dog chained up in the back yard and that the dog was barking and lunging at the children. The lady from Lease-A-Landlord told me that they would check on this.
The trial court found that the affidavit was insufficient to show that the Ehlers and Lease-A-Landlord knew that the dog *189 was vicious. The court also held that there was insufficient time to take any action, if any could have been taken, which would have prevented the incident. Based on these findings, the court entered a final summary judgment in favor of the Ehlers and Lease-A-Landlord.
The Florida Supreme Court has held that a dog-bite victim may sue a nonowner of a dog upon a theory of common law liability. Noble v. Yorke, 490 So.2d 29 (Fla. 1986). Thus the owner of the premises may be liable for injuries resulting from an attack by a bad dog owned by a tenant if the landlord has actual knowledge of the vicious nature of the tenant's dog or such knowledge can be imputed to the landlord[2] and the landlord has the ability to control the dog's presence. Olave v. Howard, 547 So.2d 349 (Fla. 3d DCA 1989); Bessent v. Matthews, 543 So.2d 438 (Fla. 1st DCA 1989); Vasques v. Lopez, 509 So.2d 1241 (Fla. 4th DCA 1987).
The court below found that there was no showing that the landlord or owners had knowledge that the pit bull was vicious. The landlord and owners submitted affidavits in which they denied knowledge of the presence and propensity of the pit bull. In opposition, Giaculli submitted the affidavit of Ann Persley who stated that she called Lease-A-Landlord a day or two before the attack on Nicholas to report that a neighbor had a pit bull chained in the back yard and that the dog was barking and lunging at children.
In Bessent v. Matthews, the court declined to hold that any dog with pit bull ancestry should be deemed vicious under the law. However, it is not necessary that pit bulls be declared vicious per se under the law in order for the landlord and owners to be placed on notice that a tenant has a vicious dog. Pit bulls as a breed are known to be extremely aggressive and have been bred as attack animals. See State v. Peters, 534 So.2d 760 (Fla. 3d DCA 1988), rev. denied, 542 So.2d 1334 (Fla. 1989), upholding an ordinance of the City of North Miami which required pit bull owners to carry insurance, register their pit bulls and confine the dog indoors or in a locked pen. The City of North Miami's ordinance notes that pit bulls have a greater propensity to bite humans than all other breeds, that they are extremely aggressive towards other animals and have a natural tendency to refuse to terminate an attack once it has begun.
Construing the evidence in the light most favorable to Giaculli, the owners and management company had notice that a tenant had a pit bull chained in her back yard which was barking and lunging at children. The fact that the dog was barking and lunging, particularly in light of the characteristics of pit bulls, is sufficient for a jury to reasonably conclude that the landlord was on notice of the vicious propensity of the dog. See, e.g., Vasques v. Lopez (evidence that tenants had prominently displayed six bad dog signs on the property and that landlord personally visited the property at least twice a year sufficient for a jury to determine that the landlord had knowledge of the vicious dog's presence); Strunk v. Zoltanski, 62 N.Y.2d 572, 479 N.Y.S.2d 175, 468 N.E.2d 13 (1984) (jury could find that defendant knew tenant had vicious german shepherd where the defendant had seen the dog, which was tied, barking loudly, jumping up and down, growling and acting ferociously). Thus this issue was not appropriate for resolution by summary judgment.
We also conclude that the question of whether the owners and property manager had a legally sufficient time in which they could have taken reasonable measures to address the problem is properly one for the jury to resolve. Construing the record most favorably to Giaculli, the landlord and owners had two days in which to act. This time is sufficient for a jury to conclude that the landlord and owners had a reasonable time in which to respond to the complaint. See, e.g., Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985), *190 rev. denied, 482 So.2d 350 (Fla. 1986) (jury could find that thirty to forty-five minutes was a sufficient time for a store owner to correct a dangerous condition of children running unsupervised through its store); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980) (trial court erred in directing a verdict in favor of defendant who allowed foreign substance to remain on its steps for six hours).
REVERSED and REMANDED.
GRIFFIN, J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] Bright's lease term began August 20, 1986, two days before the attack. The lease notes that Bright has a "small dog."
[2] See Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985) (property manager's actual knowledge of dog's vicious nature could be imputed to the landlord under principles of agency law).