Kathryn **BAKER**, Appellant,

v.

**PENNOAK PROPERTIES, LTD.,** d/b/a **Woodlake On The Bayou, Mary Ellen Tedford,** and **Mission Wood Management, Inc.,** Appellees.

No. A14–93–00448–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 1994.

R. Gary Stephens, Michael R. Wadler, Houston, for appellant.

Richard T. Fass, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Kathryn Baker, appellant, appeals the summary judgment granted in favor of Pennoak Properties, Ltd. ("Pennoak"), d/b/a Woodlake on the Bayou, Mary Ellen Tedford, and Mission Wood Management, Inc., appellees. Appellant sued appellees for damages as a result of a dog bite injury. We affirm.

At the time the injury occurred, appellant was a tenant at Woodlake on the Bayou, an apartment complex owned by Pennoak and managed by Mary Ellen Tedford of Mission Management, Inc. The dog that inflicted the injury was owned by Patrick and Christine Coombs, also tenants at the apartment complex. The injury occurred in the common areas of the apartment complex while both tenants were walking their respective dogs.

Appellant asserts four points of error. In her first through third points of error, appellant contends that the trial court erred in granting appellees' motion for summary judgment because appellees have a duty to maintain the common areas of the apartment complex in a reasonably safe manner and that there are fact issues concerning appellees' knowledge and prevention of the danger. In her fourth point of error, appellant argues that the trial court erred in granting summary judgment because appellees presented insufficient evidence in support of their motion.

It is established in Texas law that a lessor retaining control over premises used in common by different occupants of his property has a duty to exercise reasonable care to keep those common areas reasonably safe for the use of tenants and their guests. *Jones v. Houston Aristocrat Apartments, Ltd.,* 572 S.W.2d 1, 3 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) (citing, *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978)); *Taylor v. Gilbert Gertner Enterprises,* 466 S.W.2d 337, 341 (Tex.Civ. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). Whether that duty includes keeping the common areas safe from other tenants' unleashed dogs appears to be a question of first impression for this court. Other states have addressed the question and, due to the lack of Texas precedent, we will refer to those out-of-state cases.

One of the earliest cases addressing this issue involved a tenant who was bitten by another tenant's dog "on [the] common stairway in the main hall" of a multi-unit apartment building. *Siegal v. 1536–46 St. Johns' Place Corp.,* 184 Misc. 1053, 57 N.Y.S.2d 473 (N.Y.City Court 1945). In holding for the plaintiff, the court explained that the landlord's duty to keep the common areas reasonably safe ...

> ... extended to the exclusion of known vicious animals from frequenting thereabout. An action based on same is grounded on negligence, ... regardless of the fact that the corporate defendant was neither an owner [nor a] harborer of said dog. The evidence indicates prior notice to defendant's officer of the dog's presence in

and about the public halls and its trend toward viciousness. Such owners [of the premises] had control of the premises with power to expel the dog and its owner as well. It follows that liability ensued."

57 N.Y.S.2d at 474.

In a more recent case, an appellate court in New Jersey held that an attack in a common area by a dog known by the premises landlord to have vicious tendencies presented a jury question as to the landlord's breach of the duty to maintain common areas in a reasonably safe condition. *Linebaugh v. Hyndman,* 213 N.J.Super. 117, 516 A.2d 638 (1986), *aff'd,* 106 N.J. 556, 524 A.2d 1255 (1987). In *Linebaugh,* the plaintiff was a child in the care of her babysitter who was a tenant in a two-unit apartment building. The child was bitten by the other tenant's dog while in the common backyard area. In reversing the summary judgment in favor of the landlord, the court explained that a landlord is obligated to exercise reasonable care in maintaining the common areas under his control in a reasonably safe condition. *Id.* 516 A.2d at 640. In New Jersey, as in Texas, where a dwelling contains two or more apartments rented to separate tenants and the landlord provides areas for their common use, possession and control of such common areas are deemed to be retained by the landlord. *Id.; Parker,* 565 S.W.2d at 514–15. The New Jersey court went on to explain that where the landlord fails to satisfy the obligation to keep the common areas safe, and such failure results in harm to tenants or persons lawfully on the premises, the landlord is liable for the resulting injury. *Linebaugh,* 516 A.2d at 640. The court then applied this law to the danger imposed by a vicious domestic animal, holding, "[w]here a landlord, either by his affirmative consent or by his failure to take curative measures, permits another to harbor such an animal in those areas in which he retains control, he is liable to his tenants and others lawfully on the premises for the injuries that result." *Id.*

Furthermore, the Florida Supreme Court has held that a dog-bite victim may sue a nonowner of a dog upon a theory of common law liability. *Noble v. Yorke,* 490 So.2d 29 (Fla.1986). A Florida appellate court subsequently interpreted its supreme court's decision as making the owner of the premises liable for injuries resulting from an attack by a dog owned by a tenant. *Giaculli v. Bright,* 584 So.2d 187 (Fla.Dist.Ct.App.1991). In *Giaculli,* the court held that in order for the landlord to be liable, he must have had actual (or imputed) knowledge of the viciousness of the dog and the ability to control the dog's presence. *Id.* A Texas court has also concluded that a dog-bite victim may sue a nonowner. *See Villarreal v. Elizondo,* 831 S.W.2d 474, 477 (Tex.App.—Corpus Christi 1992, no writ); *see also Arrington Funeral Home v. Taylor,* 474 S.W.2d 299 (Tex.Civ. App.—Eastland 1971, writ ref'd n.r.e.).

Finally, the Supreme Court of Alabama held that the presence of a tenant's vicious dog in areas shared by other tenants constitutes a "dangerous condition" and that a landlord must exercise reasonable care to prevent injuries resulting from such a dangerous condition. *Gentle v. Pine Valley Apartments,* 631 So.2d 928, 933–34 (Ala. 1994). In *Gentle,* a child was bitten in the common areas of his apartment complex by another tenant's dog on two separate occasions. The case was one of first impression for the Alabama court, so the court also relied on the above out-of-state authorities and on the Restatement (Second) of Torts § 360 (1977).

As to the first dog-bite incident, the Alabama court held that there was no evidence that the apartment complex or manager had knowledge of the dog's vicious propensities. *Gentle,* at 934–35. Explaining that notice to the premises owner (either direct or imputed) of the dangerous condition is essential to liability, the court held that summary judgment was proper as to the first incident. *Id.* However, the plaintiff testified that she immediately complained to the apartment complex about the first incident, providing the requisite notice to the landlord about the dog's vicious propensities. *Id.* at 935–36. Thus, the court held that as to the second incident, a question of fact existed concerning the apartment complex's exercise of reasonable care in permitting the dog in the common areas. *Id.*

We have found no authority contrary to the New York, New Jersey, Florida, and Alabama cases. In fact, many jurisdictions have imposed a broader application of this rule. There is a strong line of cases across the United States involving an out-of-possession landlord's liability to third parties attacked by dogs on the landlord's single-dwelling premises. These cases hold that a landlord is liable for injuries caused by the attack of a tenant's dog only where the landlord had actual knowledge of the dangerous propensities of the dog and where the landlord nevertheless leased the premises to the dog's owner or, by the terms of the lease, had the power to control the harboring of a dog by the tenant and neglected to exercise that power. *McCullough v. Bozarth*, 232 Neb. 714, 442 N.W.2d 201, 208 (1989); *see also Palermo v. Nails*, 334 Pa.Super. 544, 483 A.2d 871 (1984); *Strunk v. Zoltanski*, 62 N.Y.2d 572, 479 N.Y.S.2d 175, 468 N.E.2d 13 (1984); *Vigil v. Payne*, 725 P.2d 1155 (Colo. App.1986); *Uccello v. Laudenslayer*, 44 Cal. App.3d 504, 118 Cal.Rptr. 741 (1975); *but see Clemmons v. Fidler*, 58 Wash.App. 32, 791 P.2d 257 (1990). At this point, we need not decide whether an out-of-possession landlord may be liable in Texas for harm caused by a tenant's dog to third parties. Our citation of these cases is simply to support the rule requiring landlords to exercise reasonable care to protect tenants from dog attacks in common areas. We also do not consider whether the lease itself, as a contract, gave rise to this duty because it was not argued by the parties.

We hold that under the common law, a landlord has the duty to keep the common areas of his property reasonably safe, including protecting tenants from known vicious dogs. We limit our holding to apply where a two prong test is met: (1) the injury must have occurred in a common area under the control of the landlord; and (2) the landlord must have had actual or imputed knowledge of the particular dog's vicious propensities.

In this case, appellees included in their motion for summary judgment an affidavit by the apartment manager, Mary Ellen Tedford. Ms. Tedford stated in her affidavit that the owner and managing company of the complex require that the manager maintain notations in the tenant files of any problems discovered and/or reported to the manager's office concerning any pets. She further testified that, after reviewing the dog owner's file, there was no indication of any previous problems involving the dog that bit appellant.

The standards to apply when reviewing summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985).

Thus, the movant must first show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The burden then shifts to the non-movant to show that a genuine issue of material fact does exist. The movants in this case, appellees, met their burden through the affidavit of Mary Ellen Tedford, discussed *supra*. Appellant then had the burden to show a disputed fact issue, and attempted to do so by filing her own affidavit. In her affidavit, appellant stated that she reported to Ms. Tedford that many dogs, including the dog that bit her, were running loose in the common areas of the complex contrary to complex's rules. She also stated that she told the complex "of my concerns about *some of the animals which appeared to be vicious* and my concern about possible injury to some of the younger tenants of the properties." (Emphasis added). We hold that this affidavit is insufficient to controvert Ms. Tedford's more specific affidavit that no incidents had been reported concerning *this particular dog*. This is especially true in light of the rule that the landlord can only be liable if he knows of the particular dog's vicious propen-

sities. Our holding overrules appellant's first three points of error concerning the issues of fact and her fourth point of error concerning the sufficiency of Ms. Tedford's affidavit.

Accordingly, the judgment of the trial court is affirmed.