COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-298-CV
  
  
TERRY 
JONES, INDIVIDUALLY,                                             APPELLANTS
AND 
ROBERT JONES, INDIVIDUALLY,
AND 
AS NEXT FRIEND OF
SAMANTHA 
JOE JONES,
A 
MINOR
  
V.
   
RENEE 
GILL                                                                             APPELLEE
 
  
------------
 
FROM 
THE 236TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal of a no-evidence summary judgment granted in Appellee Renee 
Gill’s favor in an alleged dog bite case.  Appellants Terry Jones, 
Individually, and Robert Jones, Individually and as Next Friend of Samantha Joe 
Jones, a minor (collectively, “Appellants”) contend in a single issue that 
the trial court erred in granting the summary judgment because there are genuine 
issues of material fact as to their claim of Gill’s negligence.  We 
affirm.
I. Factual and Procedural Background
        Gill 
had taken her Dalmatian dog named Lucas to work virtually every day for the five 
years she had owned him.  Lucas spent a significant amount of time at 
Gill’s place of employment at Sportswear World, a sports apparel retail 
outlet.  Sportswear World specializes in team uniforms and other group 
sales to schools, churches, and other organizations.
        Gill 
kept Lucas behind a counter in the store during business hours.  Lucas was 
allowed to move about the store when Gill did not have it open for 
business.  On December 29, 1999, Samantha Jones, age ten, entered Gill’s 
place of employment and was injured by Lucas. Gill and the store’s owner, 
Charles Worley, stated that the store was closed on the date of the incident, as 
it had always been closed during the week between Christmas and New Year’s 
Day.
        Gill 
had recently taken care of a business owned by Rick and Peggy Merritt, 
Samantha’s uncle and aunt, while they were out of town.  Ms. Merritt 
called Gill at the store on December 29, 1999 and asked Gill where she was at 
the time, so she could pay Gill for her previous work for the Merritts.  
Ms. Merritt arranged to meet Gill at Sportswear World.  Ms. Merritt entered 
the store by herself, instructing Samantha and her grandchildren to remain in 
the car.  According to Gill, the children nevertheless entered the store, 
and Ms. Merritt admonished the children in front of Gill that she had told them 
to wait in the car.  On the day of the incident, Lucas and Gill’s 
daughter’s dog Roby, a seven month-old Jack Russell Terrier weighing about one 
pound, were in the store.  It was not uncommon for Gill to bring both dogs 
to the store.  When the children came into the store, they ran up to the 
dogs to pet them.  Roby whimpered under a bar stool, and Lucas was in the 
middle of the scene trying to see what was happening.  Lucas barked, 
Samantha leaned down, and Lucas either collided with or bit the child and split 
her lip.  The incident occurred within a very short period of time—less 
than a minute after the children entered the store.
        Appellants 
filed suit against Renee Gill and Charles Worley, Individually and d/b/a 
Sportswear World, and North Davis Plaza, Inc.  In their second amended 
petition, Appellants alleged several causes of action: negligence, negligence 
per se, premises liability, and respondeat superior.  Appellants alleged 
that Defendants Gill and Worley acted negligently in: handling Lucas; keeping 
the dog in the store during normal business hours; failing to properly restrain 
the dog when they knew or should have known that it posed a high risk of danger 
to Samantha; and failing to provide reasonable and adequate warnings concerning 
the high risk of danger to Samantha.  Appellants also claimed negligence 
per se based on their assertions that Gill violated City of Arlington leash 
laws.
        Gill 
moved for and the trial court granted a no-evidence summary judgment on all 
claims in favor of Gill on July 25, 2003.[2]  
Appellants appeal the summary judgment only as to their negligent handling claim 
against Gill.[3]
II. Standard of Review
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense.  Tex. R. Civ. P. 
166a(i).  The motion must specifically state the elements for which there 
is no evidence.  Id.; Johnson v. Brewer & Pritchard, P.C., 73 
S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless 
the nonmovant produces summary judgment evidence that raises a genuine issue of 
material fact.  See Tex. R. 
Civ. P. 166a(i) & cmt.; S.W. Elec. Power Co. v. Grant, 73 
S.W.3d 211, 215 (Tex. 2002).
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered.  Johnson, 73 S.W.3d at 
197; Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000).  If the 
nonmovant brings forward more than a scintilla of probative evidence that raises 
a genuine issue of material fact, then a no-evidence summary judgment is not 
proper.  Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San 
Antonio 1998, pet. denied).
        Less 
than a scintilla of evidence exists when the evidence is so weak that it does 
nothing more than create a mere surmise or suspicion of a fact.  Kindred 
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). More than a scintilla of 
evidence exists when the evidence would enable reasonable and fair-minded people 
to reach different conclusions.  Merrell Dow Pharm., Inc. v. Havner, 
953 S.W.2d 706, 711 (Tex. 1997).
III. Analysis
        Because 
Appellants’ only challenge on appeal concerns the negligent handling claim, 
that is the only cause of action we will address. See Walling v. Metcalfe, 
863 S.W.2d 56, 58 (Tex. 1993) (“[T]he courts of appeals may not reverse the 
judgment of a trial court for a reason not raised in a point of error.”)
A. Negligent Handling of an Animal
        A 
plaintiff must satisfy four elements to establish a negligent handling of an 
animal claim: (1) the defendant was the owner or possessor of an animal; (2) the 
defendant owed a duty to exercise reasonable care to prevent the animal from 
injuring others; (3) the defendant breached that duty; and (4) the defendant's 
breach proximately caused the plaintiff's injury.  Allen ex rel B.A. v. 
Albin, 97 S.W.3d 655, 660 (Tex. App.—Waco 2002, no pet.) (citing Marshall 
v. Ranne, 511 S.W.2d 255, 259 (Tex. 1974); Dunnings v. Castro, 881 
S.W.2d 559, 561–62 (Tex. App.—Houston [1st Dist.] 1994, writ denied)).  
Appellants contend they produced summary judgment evidence raising genuine 
issues of fact as to each element of the alleged negligent handling claim. Gill 
responds that the trial court correctly granted the summary judgment because 
Appellants failed to produce evidence that Gill had or breached a duty owed to 
Samantha or that any such breach was a proximate cause of Samantha’s injuries.
B. Duty
        Duty 
is a question of law.  Thapar v. Zezulka, 994 S.W.2d 635, 637 (Tex. 
1999).  The Supreme Court of Texas has recognized a duty owed by the owner 
or possessor of a nonvicious animal to exercise reasonable care to prevent the 
animal from injuring others.  Marshall, 511 S.W.2d at 258 (citing Restatement of Torts §518 (1938); Allen, 
97 S.W.3d at 660.  In a negligent handling case, the plaintiff is not 
required to prove that the animal is dangerous or vicious, as in a strict 
liability case.  Allen, 97 S.W.3d at 660 (citing Pearson v. Jones 
Co., 898 S.W.2d 329, 332 (Tex. App.—Eastland 1994, no writ)).
        We 
agree with the Waco Court of Appeals that the Second Restatement accurately sets 
forth the duty as adopted in Texas: “[O]ne who possesses or harbors a domestic 
animal that he does not know or have reason to know to be abnormally dangerous, 
is subject to liability for harm done by the animal if, but only if, (a) he 
intentionally causes the animal to do the harm, or (b) he is negligent in 
failing to prevent the harm.”  Allen, 97 S.W.3d at 665 (quoting Restatement (Second) of Torts § 518 (1977)).  
The commentary explains: “One who keeps a domestic animal that possesses only 
those dangerous propensities that are normal to its class is required to know 
its normal habits and tendencies.  He is therefore required to realize that 
even ordinarily gentle animals are likely to be dangerous under particular 
circumstances and to exercise reasonable care to prevent foreseeable harm. . . . 
[Thus] the keeper of an ordinarily gentle [female dog] or cat is required to 
know that while caring for her puppies or kittens she is likely to attack other 
animals and human beings.”  Id. quoting Restatement (Second) of Torts § 518 cmt. h).  
Accordingly, Gill, as Lucas’s owner, owed a duty to exercise reasonable care 
to prevent Lucas under particular circumstances from injuring others.
C. Breach of Duty
        To 
defeat the summary judgment, Appellants were required to show that the dog owner 
breached the standard of reasonable care.  Thompson v. Curtis, 127 
S.W.3d 446, 451 (Tex. App.—Dallas 2004, no pet.).  That standard is 
defined as what a reasonable prudent person would or would not have done 
“under the same or similar circumstances regarding any reasonably foreseeable 
risk.”  Allen, 97 S.W.3d at 666 (citing Colvin v. Red Steel Co., 
682 S.W.2d 243, 245 (Tex. 1984)).  Therefore, Appellants must have 
presented more than a scintilla of evidence establishing that Gill did not act 
as a reasonable prudent person would have acted in the same or similar 
circumstances with respect to Lucas.  Allen, 97 S.W.3d at 666 
(citing Colvin, 682 S.W.2d at 245).
        In 
response to Gill’s motion for summary judgment, Appellants filed and relied 
upon testimony from Gill’s and Worley’s depositions in an effort to show 
Gill had knowledge that Lucas had particular habits or tendencies rendering him 
dangerous to others under certain circumstances.  Appellants contend the 
testimony established that Lucas “ferociously” bit Samantha, that Lucas 
became “violent,” that Lucas had given a “warning bark” on occasion, 
that he might have been protecting Gill and Roby at the time of the incident, 
and that the obnoxious behavior of the children might have scared the 
dogs.  However, Gill merely testified that, when the children ran up to pet 
the dogs, Lucas was “trying to see what was going on . . . just in the middle 
of everything.  And he barked and Samantha leaned down, and that’s when 
it happened.”
        Appellants 
contend that because Gill kept Lucas behind the counter when the store was open 
to the public, an inference could be drawn that the reason for doing so was to 
protect others from injury, considering other testimony of Lucas’s history of 
acting aggressively toward strangers.  However, we have found no evidence 
of aggressive behavior.  Moreover, Worley knew Gill had adopted Lucas as a 
puppy seven or eight years previously, that he had a “very friendly, loving” 
disposition, he might “bark” at people walking outside or dogs coming into 
the veterinarian’s clinic next door, but he was not a “barker.”  
Worley had seen Lucas bark at the door at someone outside but did not know that 
he had ever heard Lucas growl.  He was not aware of Lucas ever biting 
another person or being vicious toward a person or other animals.  
Additionally, Gill testified the only reason she kept the dogs behind the 
counter during business hours was “so they won’t sniff the people . . . 
because they like people.”
        Absent 
evidence of any reason for Gill to believe that Lucas might act aggressively 
toward strangers, we believe it would be pure speculation to infer that Gill’s 
habit of keeping Lucas behind the counter when the business was open was to 
protect the public from danger.  Indeed, Gill also kept Roby, the Jack 
Russell puppy, behind the counter.  It would be equally possible even 
without Gill’s testimony to conclude that she kept them there to protect 
customers from the dogs’ friendliness or, as the trial court suggested, to 
keep the public from tripping over Lucas if he lay in front of the door.  
The only other testimony relied upon by Appellants is that Lucas occasionally 
barked.  Dogs bark for many reasons and sometimes for reasons known only to 
themselves.  We conclude that the evidence relied upon by Appellants is, at 
best, no more than a scintilla and failed to create an issue of fact that Gill 
breached a duty to Samantha under the particular circumstances.
        In 
Allen, a toddler who was in the care of a daycare provider was injured 
through a chain-link fence by a dog in an adjoining yard.  Id. at 
658.  The dog was in its owner’s yard when the child approached the 
common fence and was bitten or scratched by the dog.  The court found no 
evidence of a breach of the dog owner’s duty, and upheld the no-evidence 
summary judgment as to negligent handling of an animal in the dog owner’s 
favor.  Id. “In responding to [the dog owner’s] no-evidence 
summary-judgment motion, Allen was required to produce evidence of the element 
of breach, i.e., (a) that [the dog owner] did not act as an ordinarily 
prudent person would have in handling the dog, or (b) in Allen's words, evidence 
that [the dog owner] failed to take ‘reasonable steps’ in handling the 
dog.”  Id. at 666.
        Like 
the dog in Allen, Gill had Lucas restrained in a place where he had a 
right to be.  In addition, no evidence was presented showing that Gill knew 
or should have known that her dog would injure someone, or that she behaved 
differently than a reasonably prudent dog owner would have under the same 
circumstances.  Samantha entered the store without invitation while the 
store was closed for business and contrary to instructions to wait in her 
aunt’s car.  In addition, the incident occurred within a minute of the 
child entering the store.
        The 
owner of a domestic animal is not liable for “injuries caused by it in a place 
where it has a right to be,” unless the owner knew or should have known of the 
vicious or unruly nature of the animal. Lewis v. Great S.W. Corp., 473 
S.W.2d 228, 230 (Tex. Civ. App.—Fort Worth 1971, writ ref’d n.r.e.) (citing Clarendon 
Land, Inv. & Agency Co. v. McClelland, 89 Tex. 483, 489, 34 S.W. 98, 100 
(1896)).  In Rodriguez v. Haddock, this court upheld a no-evidence 
summary judgment in the dog owner’s favor because the appellant did not 
produce evidence that the owner knew or should have known that his dog had 
dangerous propensities, a factor that we emphasized because the dog was in its 
own home at the time of the incident.  See No. 2-01-386-CV, 2003 WL 
1784923, at *2 (Tex. App.—Fort Worth 2003, no pet.) (not designated for 
publication) (“Because the dog bit Appellant while it was in its own home, 
Appellant must show more than a mere scintilla of evidence that Appellee knew or 
should have known of the dog's dangerous nature under her negligence theory as 
well as her strict liability theory.”)  In Petry v. Gasca, the 
court stated that the “owner of a domestic animal is not liable for injuries 
caused by the animal when it is in a place where it has a right to be,” 
finding no negligence on the dog owner’s part, and reversing the lower 
court’s judgment and award of damages because there was no evidence that the 
animal had dangerous propensities.  No. A14-93-00433-CV, 1994 WL 132772, at 
*1 (Tex. App.—Houston [14th Dist.] 1994, no writ) (not designated for 
publication).  In Stakes by Anthony v. Waits, the court upheld a 
jury verdict which found that the dog owners were not negligent in failing to 
restrain their dog, and that their failure to restrain the dog was not a 
proximate cause of the injury because it was not foreseeable that the dog would 
bite anyone if it were unrestrained.  No. 01-88-00055-CV, 1989 WL 27306, at 
*2 (Tex. App.—Houston [1st Dist.] 1989, writ denied) (not designated for 
publication).  In Searcy v. Brown, the court affirmed a take nothing 
judgment in favor of the dog owner, stating that, because the dog was on the 
owner’s property, the owner did not owe a duty to warn a licensee who entered 
the property to inquire about it or to make conditions safe on his 
property.  607 S.W.2d 937, 941 (Tex. Civ. App.—Houston [1st Dist.] 1980, 
no writ).  In the cases noted, the courts held that dog owners were not 
negligent if the injury occurred where the dog had a right to be and the owner 
had no knowledge of any dangerous propensities.  Id.
        The 
Petry court reversed the jury verdict and damages, and rendered a take 
nothing judgment in the dog owner’s favor because the court found that there 
was no evidence to support the verdict on either strict liability or negligence 
theories.  1994 WL 132772, at *1.  The court stated:
  
In a negligence case, the plaintiff must show that the owner had actual or 
constructive notice of facts which would put an ordinary person on notice that 
allowing the dog to run at large would cause someone injury. However, a dog on 
its master's premises is not “running at large,” and the owner of a domestic 
animal is not liable for injuries caused by the animal when it is in a place 
where it has a right to be.
 
 
Id. 
(internal citations omitted).
        The 
Petry court found that the dog was not dangerous, even though 
there was evidence that it had growled and snarled at a mailman in the 
past.  Id. at *2.  The court also asserted that “the evidence 
that appellant’s son put the dog in his room when [the injured girl] came to 
visit is not proof that the family had knowledge that the dog was vicious.  
We can conceive of many other reasons why the son would put the dog in 
another room when they had a visitor, and no evidence of the son's reason for 
doing so was presented.”  Id. at 3 (emphasis added).
        The 
fact pattern in Petry is similar to the facts concerning Appellee 
Gill’s dog.  The dogs were in places they had a right to be when the 
incidents occurred.  The girls in both cases were injured after they 
entered the premises where the dogs were with their respective owners.  
Neither child was invited into the premises.  The victim in Petry 
was told to wait on the porch but went in the front door despite the 
admonition.  The victim in this case was not invited to come into the 
store, which was not open for business at the time, and had initially remained 
in the car while her aunt went inside the store.  Id.  In 
addition, the injured parties in both cases attempted to show that the owners’ 
habits of restraining the dogs differently at other times (behind the counter or 
in a bedroom) was proof of the owners’ knowledge of the dogs dangerous 
propensities, but the Petry court refused to impute knowledge based on 
the owner’s habit.  Id.
IV. Conclusion
        We 
hold that the trial court’s no-evidence summary judgment was proper because 
the appellants failed to produce more than a scintilla of evidence to establish 
genuine issues of material fact as to whether Gill breached her duty to act as a 
reasonable prudent person under the circumstances.  We overrule the 
appellants’ sole issue and affirm the trial court’s judgment.
  
  
                                                                  ANNE 
GARDNER
                                                                  JUSTICE
 
 
PANEL B:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DELIVERED: 
March 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The trial court dismissed the individual claims of Terry and Robert Jones 
against North Davis Plaza on December 20, 2002.  Appellants also settled 
all claims with Worley, Individually and d/b/a Sportswear World, and North Davis 
Plaza on December 5, 2003.
3. 
Texas provides three common law causes of action for individuals who have been 
injured by a dog or other domestic animal.  Thompson v. Curtis, 127 
S.W.3d 446, 449 (Tex. App.—Dallas 2004, no pet.).  An injured person may 
sue the owner or keeper of the animal under a strict liability theory based upon 
the owner’s knowledge of vicious characteristics of an animal abnormal to its 
class, or for negligence.  In addition, injured parties may sue a property 
owner or occupier under a premises liability theory.  Baker v. Pennoak 
Props., Ltd., 874 S.W.2d 274, 277 (Tex. App.—Houston [14th Dist.] 1994, no 
writ).  Appellants did not allege a claim for strict liability in this 
case.