# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00107-CV

**Paul Mattox, Appellant**

**v.**

**Geraldine Timmerman, Individually and as Representative of
Timmerman Properties, Inc.; and Timmerman Properties, Inc., Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-11-004626, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Paul Mattox, acting pro se, brings this appeal from a no-evidence summary judgment granted in favor of Geraldine Timmerman and Timmerman Properties (Timmerman) on Mattox's premises liability claim. In the underlying suit, Mattox alleged that he was bitten by a dog while visiting a friend at an apartment complex that Timmerman owned and operated. Mattox challenges summary judgment in three issues, contending that the trial court should have considered his witness's amended affidavit, that the affidavit did not contain hearsay, and that the trial court should not have ruled without adequately considering all of Mattox's filed pleadings. We will affirm the trial court's judgment.

**BACKGROUND**

Mattox alleged that he was attacked by a large dog while visiting a friend at Timmerman's apartment complex. In his subsequent premises liability suit, he alleged that Timmerman knew or should have known that a dangerous condition (the large dog) was present on the property and that Timmerman failed to take steps to eliminate or reduce the unreasonably dangerous condition posed by the dog's presence. In response, Timmerman filed a no-evidence motion for summary judgment claiming that Mattox failed to establish each element of his premises liability cause of action. Mattox filed a response, which he amended twice. Timmerman then filed objections to Mattox's evidence, arguing that the affidavit of Cindy Brown lacked a jurat and contained hearsay. At the summary judgment hearing, the court gave Mattox an opportunity to cure the affidavit's deficiencies and took the summary judgment under advisement. After Mattox filed his third amended response, the trial court granted Timmerman's no-evidence motion for summary judgment without ruling on the objections to the Brown affidavit. Mattox filed motions to reconsider, and Timmerman filed a response, but the motion was never set for a hearing. This appeal followed.

**Standard of review**

We review summary judgments de novo. *Neely v. Wilson*, No. 11-0228, 2013 WL 3240040, at *4 (Tex. June 28, 2013); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment is viewed as a motion for pretrial directed verdict to which we apply a legal sufficiency standard. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Texas Rule of Civil Procedure 166a(i) permits a party to move

2

for summary judgment on the ground that there is no evidence of one or more essential elements of the nonmovant's claim. Tex. R. Civ. P. 166a(i). The burden then shifts to the respondent to produce some evidence raising a genuine issue of material fact, failing which the court must grant the motion. *Id.*; *Jennings v. Bindseil*, 258 S.W.3d 190, 194 (Tex. App.—Austin 2008, no pet.). We consider the evidence in the light most favorable to the nonmovant, indulging all inferences and resolving any doubts in the nonmovant's favor. *Timpte Indus., Inc.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). A no-evidence motion will be granted when no evidence of a vital fact exists, there is no more than a scintilla of evidence to prove the fact, or the evidence establishes the opposite of the fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). Using this standard, we address Mattox's issues on appeal.

## DISCUSSION

Mattox's first two issues concern Cindy Brown's affidavit, which Mattox included in his summary judgment evidence to show Timmerman knew the dangerous dog was on the property. Timmerman objected to Brown's affidavit as containing hearsay and lacking a jurat. *See Acme Brick, a Div. of Justin Indus., Inc. v. Temple Assocs., Inc.*, 816 S.W.2d 440, 441 (Tex. App.—Waco 1991, writ denied) (stating that a jurat is a certificate made by an authorized officer that statements made in an affidavit were sworn to by the affiant); *Coastal Cement Sand Inc. v. First Interstate Credit Alliance, Inc.*, 956 S.W.2d 562, 567 (Tex. App.—Houston [14th Dist.] 1997, writ denied) (generally, without notarization or jurat, an unsworn statement is "not an affidavit, and it is not proper summary judgment evidence"). The court allowed Mattox time to fix the affidavit. *See* Tex. R. Civ. P. 166a(f) (giving courts discretion to allow addition or supplementation of affidavits).

3

Mattox filed an amended affidavit from Brown in his third amended response to Timmerman's motion for summary judgment. The trial court granted the summary judgment four days later. Mattox contends that the court erred if it went back on its decision to allow him time to cure Brown's defective affidavit before ruling on the summary judgment. However, we find nothing in the record suggesting that the trial court did not consider Brown's amended affidavit. As such, we overrule Mattox's first issue.

Mattox next claims that the trial court erred if it granted summary judgment based on the affidavit containing hearsay. However, Mattox's assertion that summary judgment was granted because of hearsay contained in Brown's affidavit is pure speculation. Further, because there was no ruling on Timmerman's objections to Mattox's summary judgment evidence, this record does not show that the court excluded any alleged hearsay statements in Brown's affidavit. Accordingly, we overrule Mattox's second issue.

In his third issue, Mattox argues that the court erred in ruling on Timmerman's summary judgment without adequately considering all of Mattox's filed pleadings. Nothing in the record suggests that the trial court failed to do so before issuing its order. The court heard argument from the parties at the hearing, took the motion under advisement, and allowed additional briefing and amendment of Brown's affidavit before ruling. Further, the summary judgment order states that the court considered the pleadings on file. In any event, while pleadings may provide context, they are not competent summary judgment evidence. *Elite Towing, Inc. v. LSI Fin. Grp.*, 985 S.W.2d 635, 641 (Tex. App.—Austin 1999, no pet.).

4

Although Mattox did not expressly articulate an issue on appeal specifically challenging the trial court's grant of summary judgment, we construe his argument as doing so. As the respondent to a no-evidence motion for summary judgment, Mattox had the burden to provide evidence raising a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i). Rule 166a(i) states that if the respondent fails to meet this burden, the court "must grant the motion." *Id*.

To survive summary judgment on his premises liability claim, as an invitee Mattox had the burden to raise a genuine issue of material fact on each of the following elements:

(1) actual or constructive knowledge of a condition on the premises by the owner;

(2) the condition posed an unreasonable risk of harm;

(3) the owner did not exercise reasonable care to reduce or eliminate the risk; and

(4) the owner's failure to use such care proximately caused plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). An essential element of Mattox's premises liability claim is whether Timmerman had actual or constructive knowledge of an alleged dangerous condition, in this case alleged by Mattox to be the presence of the dog. *See id.* Mattox claims Brown's affidavit proves Timmerman knew the dog was on the property because Ms. Timmerman questioned at least one tenant regarding the dog's owner. However, the affidavit lacks any indication that Timmerman had actual or constructive knowledge that the dog was, in fact, dangerous or posed any kind of threat. At most, the affidavit shows that Ms. Timmerman, while collecting rent from a tenant, saw the dog, asked the tenant about the dog's owner, and went to that tenant's apartment. That alone is insufficient to establish Timmerman's knowledge that the

5

dog posed an unreasonable risk of harm or a dangerous condition. *See Batra v. Clark*, 110 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding in a dog bite case that evidence landlord was on the property when dog was barking was insufficient to show knowledge of potentially vicious animal); *see also Pfeffer v. Simon*, No. 05-02-01130-CV, 2003 WL 1545084, at *2 (Tex. App.—Dallas Mar. 26, 2003, no pet.) (mem. op.) (concluding evidence was insufficient to overcome summary judgment in a dog bite case because affidavits did not show dog had abnormally dangerous propensities or constituted a dangerous condition).

Mattox acknowledges in his motion to reconsider and in his brief that he did not provide any evidence that the dog had ever bitten anyone, that Timmerman had knowledge of any previous attacks by that dog, or that any other person knew or had knowledge of an attack by that dog. Mattox argues that Ms. Timmerman's "alarmed" reaction at seeing the dog is evidence enough of knowledge that the dog was dangerous. Mattox's characterization of Ms. Timmerman's alleged reaction to seeing the dog is not based on Brown's affidavit, but his own assertions in pleadings. Pleadings on their own are not considered summary judgment proof. *See Elite Towing, Inc.*, 985 S.W.2d at 641 ("Although pleadings set out the controversy in a case, they are not considered in determining whether fact issues are expressly presented in summary judgment motions, and they are not summary-judgment proof."). Even if Mattox could show the dog's size and appearance were indicative of his potentially dangerous nature, that is not the standard in Texas for imposing premises liability. *See Baker v. Pennoak Props., Ltd.*, 874 S.W.2d 274, 277 (Tex. App.—Houston [14th Dist.] 1994, no writ) (applying a two-part test in determining whether landlord has a duty to keep common areas safe and stating the second prong must show landlord had actual or imputed knowledge

of dog's dangerous propensities).  There is no evidence in the record to prove Timmerman had actual or constructive knowledge that the dog posed a dangerous condition.  As such, the trial court properly granted the no-evidence summary judgment.

## CONCLUSION

Having determined that summary judgment was properly granted, we affirm the trial court's judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed:   August 22, 2013

7